UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNNEL COX, as administrator of the estate of Shayne R. Stilphen,<br><br>        Plaintiff,<br><br>v.<br><br>BOSTON POLICE DEPARTMENT, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, and JOHN/JANE DOES NOS. 1-2,<br><br>        Defendants. | Civil Action No. 1:22-CV-11009 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen ("Plaintiff"), submits this Motion for Leave to File a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and District of Massachusetts Local Rule 15.1. Defendants do not oppose the requested relief.

In support, Plaintiff states as follows:

1. Plaintiff filed its Complaint on June 27, 2022. *See* Compl., ECF No. 1.

2. Plaintiff's Complaint identified Officers Ismael Almeida, Paulmichael Bertocchi, and Catia Freire ("Defendant Officers"), and the Boston Police Department ("BPD") as Defendants. *See id.* at ¶¶ 18-21. The Complaint also included two officers, "John/Jane Doe No. 1" and "John/Jane Doe No. 2," whose names Plaintiff had not yet identified, as Defendants to this action based on their conduct in relation to Shayne's death, as demonstrated on BPD surveillance video. *See id.* at ¶¶ 22, 66, 67, 79, 80, 104, 147–49, and 167.

3. As to John/Jane Doe No. 2, the Complaint asserted, "[a]t approximately 5:39 AM, John/Jane Doe No. 2 dropped food through the slot in Shayne's door and stared into the cell. Although Shayne was in the same manifestly abnormal position, the officer did nothing to help him." Compl., ECF No. 1, ¶ 79. The Complaint went on to include a still photograph from BPD surveillance video of John/Jane Doe No. 2 at 5:39:08 AM placing food into Shayne's cell, *see id.* at Fig. 11, and to assert that "[a]ccording to the BPD's own investigation, Shayne took his last breath at the exact moment—5:39 AM—that this officer observed Shayne's contorted body," *see id.* at ¶ 80.

4. On December 1, 2022, the Court entered an amended pretrial schedule in this matter providing that "[a]ll amendments to the pleadings and/or joinder of additional parties shall be completed by 5/2/23." *See* ECF No. 35.

5. On December 2, 2022, Defendants served on Plaintiff their initial disclosures pursuant to this Court's schedule and Fed. R. Civ. P. 26(a)(1).

6. Through review of various reports in those disclosures, Plaintiff was able to identify Officer David Marshall as Jane/John Doe No. 2.

7. Specifically, Defendants' initial disclosures included a December 17, 2021 report entitled "IAD 2019-0519" authored by Lt. Detectives Michael J. Connolly and Timothy P. Gaughan regarding Shayne Stilphen's death ("IAD Report"). *See* Potkay Decl. Ex. A, COB 000032-000040. Although Lynnel Cox had submitted a public records request to the Boston Police Department on December 7, 2020, which remained open into 2022, that requested, in part, "[a]ll documents relating to Shayne Stilphen's arrest, booking, detention and death, including . . . [n]otes,

2

correspondence, and reports relating to the arrest, booking, detention, death and any related investigation," *see* Potkay Decl. Ex. B ("December 2020 Public Records Request"), the BPD had not produced, and Lynnel had not seen, the IAD Report prior to December 2, 2022.

8. Based on its investigation, the IAD Report stated that on July 14, 2019 "[a]t 5:39 am, Marshall placed a sandwich and a carton of milk in the meal slot of cell 19 and appeared to look into the cell." Potkay Decl. Ex. A at COB 000034. Shayne Stilphen was held in Cell 19 on July 14, 2019. *See id.* at COB 000033.

9. Defendants' December 2, 2022 initial disclosures also included a November 7, 2019 report entitled "SA2019-014" authored by Sgt. Detective Lucas E. Taxter regarding Shayne Stilphen's death ("SA Report"). *See* Potkay Decl. Ex. C, COB 000062-000067. Despite the December 2020 Public Records Request, the BPD had not produced, and Lynnel had not seen, the SA Report prior to December 2, 2022.

10. The SA Report stated that "[a]t 5:39 am, Marshall placed a sandwich and a carton of milk in the meal slot of cell 19 and appeared to look into the cell." COB 000064.

11. The SA Report also concluded that "[a] careful review of the evidence showed that although Almeida and Marshall conducted rounds of the cellblock, disabled the prisoner inspection alarm, and recorded their inspections in the Prisoner Inspection Log, they did not take any measures to check on Stilphen's wellbeing and ensure that he was not in any distress, even though he was seated in an a very unusual position for one hour and four minutes." COB 000066.

12. Based on this new information, Plaintiff has identified Officer David Marshall as John/Jane Doe No. 2 in its complaint, and moves to amend its pleadings accordingly.[1]

13. As this motion is being filed before this Court's deadline to amend the pleadings, Plaintiff's motion is governed under the standards of Rule 15, which provides that a party may amend its pleading by leave of court and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

14. Under this standard, leave to amend should generally be granted absent a substantial reason for denial. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding district court may refuse to grant leave to amend a pleading only in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment").

15. Here, Plaintiff has acted diligently in investigating the yet-to-be-identified Defendants. On December 29, 2022, Plaintiff's counsel alerted counsel for the existing Defendants that Plaintiff would soon seek to amend the pleadings to substitute the name of Officer David Marshall in the place of John/Jane Doe No. 2. Plaintiff's counsel has been in regular contact with counsel for the existing Defendants over the past several weeks regarding Officer Marshall's representation and the appropriate person upon whom the motion should be served under Local Rule 15.1.

---

[1] Plaintiff has not yet been able to identify Jane/John Doe No. 1.

16. Amendment of the Complaint should not cause any delay to this proceeding or undue prejudice to the existing Defendants, particularly where the identity of John/Jane Doe No. 2 was likely already known to both BPD and the Defendant Officers, and fact discovery is not set to conclude until August 2023. *See* Amended Scheduling Order, ECF No. 35 ("All fact discovery must be completed no later than 8/4/23.").

17. Following discussion with Defendant BPD, the proposed First Amended Complaint also substitutes the City of Boston for the Defendant identified in the Complaint as "Boston Police Department" and includes several ministerial changes that accompany that amendment. *Cf.* City of Boston Answer, ECF No. 25 (providing "The City of Boston's Answer to Plaintiff's Complaint").

18. A copy of the proposed First Amended Complaint is attached hereto as Exhibit 1. A red-line version compared to the operative Complaint, ECF No. 1, is attached as Exhibit 2.

For the aforementioned reasons, Plaintiff respectfully requests that this Court grant it leave to file the proposed First Amended Complaint.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that I conferred with opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to filing. Counsel for the Boston Police Department and the City of Boston, Ismael Almeida, Paulmichael Bertocchi, and Catia Freire assents to the requested relief.

/s/ Robert Frederickson III

## LOCAL RULE 15.1(b) CERTIFICATION

I hereby certify that this motion was served on new party David Marshall on February 7, 2023, as required by Local Rule 15.1(b).

/s/ Robert Frederickson III

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent via the CM/ECF system electronically to all counsel of record.

/s/ Robert Frederickson III

Dated: February 21, 2023                Respectfully submitted,

/s/Robert Frederickson III
Robert Frederickson III (BBO #670111)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1000
rfrederickson@goodwinlaw.com

Matthew R. Segal (BBO #654489)
Jessie J. Rossman (BBO # 670685)
Alexandra Arnold (BBO # 706208)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
Tel.: (617) 482-3170
msegal@aclum.org
jrossman@aclum.org
aarnold@aclum.org

Alexandra D. Valenti (*Pro hac vice*)
Christine Armellino (*Pro hac vice*)
Gabriella Montes (*Pro hac vice*)
Wrenne Bartlett (*Pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 459-7351
avalenti@goodwinlaw.com
carmellino@goodwinlaw.com
gmontes@goodwinlaw.com
wbartlett@goodwinlaw.com

Matthew Ginther (*Pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
mginther@goodwinlaw.com

*Attorneys for Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen*