## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LYNNEL COX, as administrator of the Estate
of Shayne R. Stilphen,

        Plaintiff,

v.

CITY OF BOSTON,
ISMAEL ALMEIDA, PAULMICHAEL
BERTOCCHI, CATIA FREIRE, DAVID
MARSHALL and JOHN/JANE DOE NO. 1,

        Defendants.

Civil Action No. 1:22-cv-11009-RGS

### [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen,

(the "Estate"), and Defendants the City of Boston, Ismael Almeida, Paulmichael Bertocchi, Catia

Freire, David Marshall, and John/Jane Doe No. 1 (collectively "Defendants"), hereafter referred

to as "the Parties," collectively believe that certain information that is or will be encompassed by

the Parties' discovery demands will involve the production or disclosure of confidential business

information, confidential employee information, personal identifying information, and other

highly sensitive information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that upon a finding

of good cause the following terms and conditions shall govern the disclosure and use of

confidential and privileged information in this Action:

1.      **Scope.** All documents produced in the course of discovery by parties and non-parties, including initial disclosures, all responses to discovery requests and subpoenas, all deposition testimony and exhibits, and other materials which may be subject to restrictions on disclosure for good cause (herein collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the rules of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Form and Timing of Designation.** A person or entity producing documents may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Written copies, excerpts, and summaries of a designated document shall also be treated as designated under this Order.

3.      **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** A person or entity may designate documents that it produces as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney who has in good faith determined that the documents contain information within the following categories:

a.   Security-related policies and procedures of Boston Police Department ("BPD") that contain information regarding the operations of BPD that, if known to prisoners, would likely created a danger to BPD staff and/or prisoners.

b.   The names, faces, and other identifying information of non-party incarcerated people and formerly incarcerated people, to the extent protected by the Massachusetts CORI statute, M.G.L. c.6, §§167-178B.

c.   Medical and financial information concerning Shayne Stilphen's family members, including Lynnel Cox and other non-parties.

d.   Information concerning Shayne Stilphen's medical, psychiatric, and substance use treatment.

e.   The names, addresses, and identifying information regarding any persons, other than employees of BPD, who have filed or given evidence or testimony in relation to internal complaints of police misconduct at BPD.

f.   The dates of birth, social security numbers, and addresses of BPD personnel.

g.   The contents of any BPD employee's personnel files to the extent such files contain medical, psychiatric, substance abuse, financial, or other confidential information.

4.     **Depositions, Photographs and Video.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Deposition testimony shall be presumed to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until fourteen (14) days after delivery of the transcript by the court reporter. Within fourteen (14) days after delivery of the transcript, or such additional time as the parties may agree, a designating person or entity may serve a Notice of

Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order.

No provision of this protective order shall be deemed to limit in any manner deposition taking, including but not limited to the subjects and content of questions and answers at depositions or documents used in any manner at deposition including entry as exhibits or presentation of documents to witnesses at depositions, and the ability of any party to be present and observe deposition taking. No designation of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall require prior consent of the designating person or entity before documents so designated may be introduced, referred to, or used in any manner at a deposition. Documents that have been designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be handled at deposition in compliance with this Order.

Any photographs and video taken by the Estate or persons engaged on the Estate's behalf during any inspection of BPD shall be deemed and marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

    5.    **Protection of Confidential Material.**

    a.  **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    b.  **Disclosures.** CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents and information shall not be disclosed to any person or entity except as set forth in

subparagraphs (1)-(6). Subject to these requirements, the following categories of persons are subject to the terms and conditions of this Order and may receive and review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

      i. **Counsel.** Counsel for the parties and employees and contractors of counsel who have responsibility for the preparation and trial of the action, and counsel representing the Estate in probate matters in the State of Massachusetts;

      ii. **Individual Parties.** Lynnel Cox in her capacity as administrator of the Estate of Shayne R. Stilphen, Defendant Ismael Almeida, Defendant Paulmichael Bertocchi, Defendant Catia Freire, Defendant David Marshall, Defendant John/Jane Doe No. 1, and any other parties to this action, later named.

      iii. **State and Municipal Parties.** Officers, employees, and council members of BPD and the City of Boston who are personally responsible for the defense of this action and/or the formulation or approval of settlement of this action. This paragraph is intended to include paraprofessional and administrative staff who are working in connection with the defense of this action.

      iv. **Court, Reporters, and Recorders.** The Court, the Court's staff, and stenographers and videographers engaged by the Court or by the parties for trial, hearings, or depositions, and recorders engaged for depositions;

      v. **Consultants and Experts.** Consultants or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

vi.  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.  **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years from the date of signing.

6.  **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed with the Court, the person or entity filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. A person or entity filing such a document must first seek leave from the Court pursuant to Local Rule 7.2 before filing it under seal. This Order does not constitute leave of Court to file any documents under seal.  If the contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents are incorporated into memoranda or other pleadings filed with the Court, counsel shall prepare two versions of the pleadings, a public and a confidential version. The confidential version shall be a full and complete version of the pleading and shall be filed under seal only after obtaining leave of Court to do so. The public version shall contain a redaction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and information contained therein, and shall be filed on the public docket within fourteen (14) days after the original confidential filing.

7.   **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party. The following procedure shall apply to any such challenge:

a.   **Objection to Confidentiality.** After receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, a party may serve upon the designating person or entity an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by written agreement or order of the Court.

b.   **Obligation to Meet and Confer.** The objecting party and the person or entity which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.

c.   **Obligation to File Motion.** In the absence of agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, the objecting party may file a motion to remove the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. There shall be no time limitation on the filing of such motions, except as directed by the Court.

8.   **Action by the Court.** Nothing in the Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or trial.

9. **Use of Confidential Documents or Information at Trial.** Nothing herein shall limit or restrict any party's ability to use or disclose any documents or information at trial in this action. To the extent a party wishes to prevent the public disclosure of any trial exhibits or trial testimony, the party may file a separate motion at the appropriate time in accordance with the relevant pre-trial order.

10. **Obligations on Conclusion of Litigation.** Unless otherwise ordered, this Order shall remain in force after the conclusion of this action.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is subject to protection until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, employees of the City law department, the parties, and persons made subject to this Order by its terms.

14. **Order Does Not Waive Certain Objections.** Nothing in this Order shall be considered a waiver of a party's rights to object to the production of discovery based upon privilege, work product, relevance, or any other lawful basis.

15. **Response to Third Party Demands.** If any party receives a subpoena, demand, or order requiring the production of any confidential document to any non-party, that party shall promptly

notify the producing party and shall promptly provide the producing party with a copy of subpoena, demand, or order.

16. **No Restriction on Other Information.**

a. **No Restriction on Use of Other Information.** Notwithstanding anything else in this Order, nothing herein shall be construed to restrict or limit a party's ability to use, disclose, or disseminate its own information, information in the public domain, information obtained via public records requests prior to the filing of the complaint in this action, or information obtained from any source that has not been designated a confidential document under this Order.

b. **No Restriction on Contact with Witnesses.** Notwithstanding anything else in this Order, nothing herein shall be construed to restrict or limit a party's ability to contact and conduct voluntary interviews with any witness or potential witness in this action concerning matters within their personal knowledge. However, at least seven (7) days prior to making in person or telephonic contact with a witness or potential witness whose identity is known to the Estate solely through a document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to paragraph 3(g) of this Order, the counsel for the Estate shall send a notice letter to the person's last known address, if such an address has been disclosed by BPD or is otherwise known to the Estate. The letter shall include, in substance, the following information: (a) the identity of the Estate's counsel, the identity of their client, and a brief summary of the Estate's claims in this case; (b) a statement that the Estate's counsel do not represent Defendants; (c) a statement that the Estate requested from Defendants, and Defendants provided pursuant to this Order, information concerning certain complaint of police misconduct that may be relevant to the Estate's claims; (d) a statement that the Estate received the person's name from Defendants pursuant to this Order; and (e) a statement that the Estate's counsel expects to attempt to contact the person by in-person or

telephone in the near future, that the person is free to decline a voluntary interview with the Estate's counsel, and that the person is also free to contact the Estate's counsel at any time. Once seven (7) days have elapsed from mailing of such a letter, nothing in this Order shall restrict the Estate from contacting such a person by any means, whether or not the person has responded to the letter. Nothing in this Order shall restrict or limit the Estate's rights under Rule 45 of the Federal Rules of Civil Procedure.

*So ordered.*

Dated:_____         _____

                                               Richard G. Stearns
                                               United States District Judge

Respectfully submitted,

*/s/ Robert Frederickson III*
Robert Frederickson III (BBO #670111)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1000
rfrederickson@goodwinlaw.com

Matthew R. Segal (BBO #654489)
Jessie J. Rossman (BBO # 670685)
Alexandra Arnold (BBO #706208)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
Tel.: (617) 482-3170
msegal@aclum.org
jrossman@aclum.org
aarnold@aclum.org

Alexandra D. Valenti (*Pro hac vice*)
Christine Armellino (*Pro hac vice*)
Gabriella Montes (*Pro hac vice*)
Wrenne Bartlett (*Pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 459-7351
avalenti@goodwinlaw.com
carmellino@goodwinlaw.com
gmontes@goodwinlaw.com
wbartlett@goodwinlaw.com

Matthew Ginther (*Pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
mginther@goodwinlaw.com

*Attorneys for Plaintiff Lynnel Cox,*
*as administrator of the estate of*
*Shayne R. Stilphen*

Adam Cederbaum
  Corporation Counsel

*/s/ Randall Maas (with permission)*
Edward Whitesell (BBO#644331)
  Senior Assistant Corporation Counsel
Randall Maas (BBO #684832)
  Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4042
Edward.Whitesell@boston.gov
Randall.Maas@boston.gov

*Attorneys for Defendants City of Boston,*
*Ismael Almeida, Paulmichael Bertocchi,*
*Catia Freire, and David Marshall*

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LYNNEL COX, as administrator of the Estate of Shayne R. Stilphen,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br>ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, DAVID MARSHALL and JOHN/JANE DOE NO. 1,<br><br>    Defendants. | Civil Action No. 1:22-cv-11009-RGS |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____, 2023, in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the United States District Court for the District of Massachusetts in matters

relating to the Protective Order and understands that the terms of the Protective Order obligate

him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER in accordance with the Order solely for the purposes of the above-captioned action, and

not to disclose any such documents or information derived directly therefrom to any other

person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
Signature