UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNNEL COX, as administrator of the estate of Shayne R. Stilphen, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 1:22-cv-11009-RGS |
| | * |
| CITY OF BOSTON, ISMAEL ALMEIDA, PAUL MICHAEL BERTOCCHI, CATIA FREIRE, DAVID MARSHALL and JOHN/JANE DOE NO. 1, | * * * * * |
| Defendants. | * * |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen (the "Estate") moves this Court for leave to file a Seconded Amended Complaint pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2). As set forth in greater detail below, while Defendants' initial disclosures include documents identifying Officer David Marshall as the individual walking outside Shayne's cell at key points during the night that Shayne died, including leaving food for Shayne, less than two weeks after the Scheduling Order's deadline to amend the pleadings, counsel for Defendants clarified discovery responses that alternatively identified Officer Brian Picarello as that individual. Accordingly, good cause exists for the Court to allow amendment of the pleadings to add Officer Picarello as a defendant outside the deadline set in this Court's Scheduling Order. Defendants have represented that they intend to oppose the requested relief.

In support, the Estate more fully states as follows:

1. The Estate filed its original complaint on June 27, 2022. *See* Compl., ECF No. 1. The complaint named Ismael Almeida, Paulmichael Bertocchi, Catia Freire, and the Boston Police Department ("BPD") as Defendants. The complaint also named two Doe Defendants, "John/Jane Doe No. 1" and "John/Jane Doe No. 2," who the

    Estate had not yet identified.

2. As described in detail in the Estate's motion for leave to file its first amended complaint, the Estate identified John/Jane Doe No. 2 as Officer David Marshall based on its review of the Boston Police Department reports included in the Defendants' initial disclosures. *See* Mot. to Amend Compl. ¶¶ 3–12, ECF No. 41.

3. Specifically, the Estate relied on two reports to identify Officer Marshall. One was a report dated November 7, 2019, and authored by Sergeant Detective Lucas E. Taxter, which stated that "[a]t 5:39 am, Marshall placed a sandwich and a carton of milk in the meal slot of cell 19 and appeared to look into the cell." *Id.* at ¶¶ 9–10. The other report, dated December 17, 2021, and authored by Lieutenant Detectives Michael J. Connolly and Timothy P. Gaughan, stated that on July 14, 2019 "[a]t 5:39 am, Marshall placed a sandwich and a carton of milk in the meal slot of cell 19"—the cell in which Shayne was being held on July 14, 2019—"and appeared to look into the cell." *Id.* at ¶¶ 7–8.

4. The November 7, 2019 report also concluded that "[a] careful review of the evidence showed that although Almeida and Marshall conducted rounds of the cellblock, disabled the prisoner inspection alarm, and recorded their inspections in the Prisoner Inspection Log, they did not take any measures to check on Stilphen's wellbeing and ensure that he was not in any distress, even though he was seated in an a very unusual position for one hour and four minutes." *Id.* at ¶ 11.

5. Based on this new information, the Estate moved for, and this Court granted, an unopposed leave to amend the complaint to name Marshall as a Defendant. *Id.* at ¶ 12; Elec. Order, ECF No. 43. The Estate then promptly filed its First Amended Complaint. Am. Compl., ECF No. 44.

6. On January 3, 2023, the Estate served its first set of interrogatories on Defendants. Interrogatory No. 14 to the City of Boston stated:

> Identify each officer who appears in the entirety of video surveillance taken when Shayne was in BPD custody on July 14, 2019, including but not limited to the Booking Desk Video (COB000108), Cell 19 Video (COB000109), Holding Cell Video (COB000110), and Sally Port Video (COB000111) and list the time stamps at which they appear.

7. Through this interrogatory, the Estate sought identification of officers based on the time of day during Shayne's custody, which appeared in the upper lefthand corner of the videos produced to Lynnel Cox in response to her public records requests to the BPD. *See* ECF 1, Complaint, at pgs. 15, 21, 23, 25–26.

8. On March 24, 2023, the City served its responses to the Estate's first set of interrogatories. In its response to Interrogatory No. 14, the City stated that "[i]n

   the Cell 19 Video, an officer who appears to be Officer Brian Picarello passes by
   Mr. Stilphen's cell at 00:05:08, 00:42:24, and 01:01:00." The times listed in the
   interrogatory response did not correspond to the time of day during Shayne's
   custody.

9. On April 14, 2023, the Estate served a deficiency letter on the City which
   included a request that the City "supplement the response to Interrogatory No. 14
   to identify the officers present in all of the video surveillance taken when Shayne
   was in BPD custody on July 14, 2019, including at least by identifying the
   individuals outside of Cell 19 at timestamp 2:22:28 AM, 4:43:15 AM, and
   5:38:54 AM." The latter two corresponded with times that both the November
   2019 and December 2021 Boston Police Department reports identified as times at
   which Officer Marshall walked by Cell 19.

10. On May 15, 2023, counsel for all parties participated in a meet and confer to
    discuss outstanding discovery matters, including the Estate's deficiency letter.
    During the call, counsel for the City clarified that the 4:43:15 AM and 5:38:54
    AM timestamps referenced in the deficiency letter corresponded to the 00:05:08
    and 01:01:00 times that the City had discussed in its interrogatory responses.
    Counsel for the City stated further that Officer Brian Picarello, not Officer
    Marshall, was the individual seen in the video at those time stamps. Counsel for
    the City did not identify the basis for this information, except to suggest that such
    information could be garnered from depositions of the relevant individuals.

11. The Estate now has conflicting evidence that the person captured in the Cell 19
    video at timestamps 4:43:15 AM and 5:38:54 AM is Officer Picarello, or
    alternatively, Officer Marshall. On the one hand, the City's interrogatories, as
    clarified by counsel for the City on May 15, identify Officer Picarello at those
    timestamps. At the same time, five different Boston Police Department reports
    produced by the City identify Officer Marshall as the person captured at those
    timestamps.

12. In addition to the November 7, 2019, and December 17, 2021 reports described
    above, the City's initial disclosures also included a December 16, 2021 report
    authored by Sergeant Erin Schroeder, which states that Sergeant Detective Taxter
    and another Boston Police Department detective interviewed Officer Marshall on
    February 13, 2020, and that "Marshall performed approximately 2 to 3 cellblock
    inspections" while Shayne was held in BPD custody on July 14, 2019. Ex. A,
    COB 000044-45. The report states further:

    > At 4:43 am, Officer David Marshall walked by the cell and Stilphen
    > simultaneously reached his right hand behind himself. Marshall did not
    > look into cell 19 at that time. A few seconds later, Marshall looked into
    > cell 19 as he walked by again. . . . At 5:39 am, Marshall placed a sandwich
    > and a carton of milk in the meal slot of cell 19 and appeared to look into
    > the cell. Marshall testified that Stilphen did not exhibit any indicators that

3

>he had overdosed. Marshall added that his observations of Stilphen were not unusual, based on other prisoners he had observed in District 4.

*Id.* at 000053. The report does not identify Officer Picarello as someone who was interviewed during the investigation.

13. A fourth report dated February 16, 2020, and authored by Sergeant Detective Taxter, and a fifth report dated March 14, 2021, and authored by Lieutenant Detective Connolly -- both produced by the City on March 23, 2023 -- similarly state that Marshall was interviewed by Sergeant Detective Taxter and contain identical text regarding Officer Marshall's role and testimony. Much like the other reports, these reports do not identify Officer Picarello as someone who was interviewed during the investigation. *See* Ex. B, COB 002292, 002301; Ex. C, COB002281, COB002283.

14. Given this conflicting information, the Estate seeks to amend the operative complaint to add Officer Picarello as a defendant in addition to Officer Marshall. Once the identity of John/Jane Doe No. 2 has been established through additional discovery, the Estate will dismiss -- voluntarily, by motion, or by stipulation -- any unnecessary Defendants, as appropriate.

15. Under the operative scheduling order, the deadline for amendments to the pleadings ran on May 2, 2023. *See* Elec. Order, ECF No. 35.

16. Where a motion to amend comes after a scheduling order deadline to amend the pleadings, "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs." *Trans–Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008).

17. "The 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 3 (1st Cir. 2013) (citing *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004)).

18. Here, the Estate has acted diligently. Counsel for the Estate first learned of the confusion regarding the identity of the officer at 4:43:15 AM and 5:38:54 AM during its May 15, 2023 discussion with counsel for Defendants. The Estate's counsel quickly alerted counsel for the existing Defendants that the Estate would seek leave to amend the complaint to add Officer Picarello as a defendant on May 22, 2023.

19. What is more, granting leave to amend will not cause any delay to this proceeding or undue prejudice to the existing Defendants where the Estate is acting promptly and fact discovery is not set to conclude until August 2023. *See* Elec. Order, ECF No. 35 ("All fact discovery must be completed no later than 8/4/23").

4

20. In addition, based on discussion with counsel for the City, John/Jane Doe No. 1 has now been identified as Officer Almeida. Because Officer Almeida is already a named defendant, the Estate's proposed Second Amended Complaint removes John/Jane Doe No. 1 as a defendant.

For the aforementioned reasons, the Estate respectfully requests that this Court grant the Estate leave to file a Second Amended Complaint. Attached hereto as Exhibit D is a copy of the Proposed Second Amended Complaint. Attached hereto as Exhibit E is a redline version of that document compared to the First Amended Complaint.

Dated: June 9, 2023                               Respectfully submitted,

*/s/Robert Frederickson III*
Robert Frederickson III (BBO #670111)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1000
rfrederickson@goodwinlaw.com

Jessie J. Rossman (BBO # 670685)
Alexandra Arnold (BBO # 706208)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
Tel.: (617) 482-3170
jrossman@aclum.org
aarnold@aclum.org

Alexandra D. Valenti (*Pro hac vice*)
Christine Armellino (*Pro hac vice*)
Gabriella Montes (*Pro hac vice*)
Wrenne Bartlett (*Pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 459-7351
avalenti@goodwinlaw.com
carmellino@goodwinlaw.com
gmontes@goodwinlaw.com
wbartlett@goodwinlaw.com

Matthew Ginther (*Pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
mginther@goodwinlaw.com

*Attorneys for Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that I conferred with opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to filing.  Counsel for the City of Boston, Ismael Almeida, Paulmichael Bertocchi, Catia Freire, and David Marshall represented that they do not assent to the requested relief.

                                                       */s/ Robert Frederickson III*
                                                       Robert Frederickson III

**LOCAL RULE 15.1(b)(2) CERTIFICATION**

I hereby certify that this motion was served by first-class mail on proposed new party Brian Picarello on May 26, 2023, as required by Local Rule 15.1(b).

                                                       */s/ Robert Frederickson III*
                                                       Robert Frederickson III

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2023, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent via the CM/ECF system electronically to all counsel of record.  In addition, on that same date, a copy will be sent via first-class mail to proposed new party Brian Picarello.

                                                       */s/ Robert Frederickson III*
                                                       Robert Frederickson III