UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-11009-RGS

LYNNEL COX, as Administrator of the
Estate of Shayne R. Stilphen,

        Plaintiff,

v.

BOSTON POLICE DEPARTMENT,
ISMAEL ALMEIDA, PAULMICHAEL
BERTOCCHI, CATIA FREIRE, DAVID
MARSHALL and JOHN/JANE DOES NOS.
1–2,

        Defendants.

**THE CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO ADD OFFICER BRIAN PICARELLO**

The City of Boston (the "City") opposes the Motion for Leave to File a Second Amended Complaint (the "Second Motion to Amend") of plaintiff Lynnel Cox, as Administrator of the Estate of Shayne R. Stilphen ("Plaintiff").

**Preliminary Statement and Procedural History**

Plaintiff seeks to amend her Complaint a second time – late – to add an additional defendant, Officer Brian Picarello. In the Second Motion to Amend, Plaintiff asserts that she did not have sufficient information to determine that Officer Picarello was the Boston Police Department ("BPD") officer identified in her initial complaint as John/Jane Doe No. 2. As described in Plaintiff's original Complaint, John/Jane Doe No. 2 was an unidentified officer who dropped food into Shayne Stilphen's cell through a slot in the door at approximately 5:39 a.m. *See* ECF Doc. No. 1 at ¶79. Relying on internal BPD Internal Affairs Division ("IAD") reports, Plaintiff incorrectly identified this officer as David Marshall, and amended the Complaint on

February 22, 2023 to assert claims against Officer Marshall, believing him to be John/Jane Doe No. 2. *See* ECF Doc. No. 44 at ¶¶ 73, 81-83. The source of this incorrect information appears to have been the original IAD investigator, Sgt. Det. Lucas Taxter, who misidentified Officer Marshall as the officer that put the food in the cell, and whose misidentification then found its way into subsequent IAD reports.

Although Plaintiff's belief that Officer Marshall was John Doe No. 2 was based on a mistaken identification in the IAD reports, the City made Plaintiff aware of the mistake well before the Court's deadline for amendments of the pleadings – **May 2, 2023**. *See* ECF Doc. No. 35. In fact, Plaintiff has been aware of Officer Picarello's involvement in assisting the Booking Officer – whose responsibility it is to check the cells every fifteen minutes – on the night of Stilphen's death since the Initial Disclosures. On December 2, 2022, the defendants produced documents in connection with their Initial Disclosures that included the "Form 26" report of Officer Picarello. In Officer Picarello's Form 26, he states that he was assisting in booking in D-4 at the time of Stilphen's death.[1] While the Form 26 did not make it clear that Officer Picarello was the officer that was identified as John Doe 2, subsequent discovery responses clarified any confusion.

Contrary to the assertion of the Plaintiff in the Second Motion to Amend at ¶7, Plaintiff did not request that the City identify the officers in the videos by the *time of day*, but rather by the *time stamps* at which those officers appear. The video from BPD corresponds to two-hour increments for filming rather than the time of day. In Interrogatory Number 14 to the City, Plaintiff asked that the City "Identify each officer who appears in the entirety of video surveillance taken when Shayne was in BPD custody on July 14, 2019, including but not limited to, Booking Desk

---

[1] *See* Defendant's Initial Disclosures and COB000030 attached thereto, true and correct copies of which are attached hereto as **Exhibit A**.

Video (COB 000108), Cell 19 Video (COB 000109), Holding Cell Video (COB 000110) and Sally Port Video (COB 000111) and list the *time stamps* at which they appear." [emphasis added].[2] In the answer to this interrogatory, signed by the Superintendent of the Bureau of Field Services Lanita Cullinane, the City did precisely that. More than a month before the deadline to amend the Complaint to add parties, on March 24, 2023, the City stated that:

> In the Cell 19 Video, an officer who appears to be Officer Brian Picarello passes by Mr. Stilphen's cell at 00:05:08, 00:42:24, and 01:01:00.

These are the *time stamps* at which John Doe 2 is alleged to have passed by the cell. Moreover, there is no reference to Officer Marshall in the interrogatory answer.

Plaintiff sent a deficiency letter on April 14, 2023, asking for clarification (among other things) of what had already been made clear – Officer Picarello, and not Officer Marshall, was the officer that Plaintiff had identified as John Doe 2. This was confirmed during a meet and confer on May 15, 2023. Despite this information, Plaintiff refused to voluntarily dismiss Officer Marshall, who is not the officer at the relevant time stamps for John Doe No. 2, from the litigation. The City repeatedly informed Plaintiff's counsel that the officer at the relevant time stamps was not Officer Marshall but instead was Officer Picarello. Nonetheless, Plaintiff contends that she has "conflicting evidence" regarding the identity of the individual officer that she believes is John Doe 2, ignoring the representation provided prior to the deadline for amending the Complaint that this officer was Officer Picarello – who as of *December 2022* was identified as having been assisting the Booking Officer – and not Officer Marshall.

Despite a May 2, 2023 deadline and ample evidence that Officer Picarello was (*or could have been*) the officer Plaintiff believed to be John Doe No. 2, Plaintiff did not file her Second

---

[2] *See* the City's Answers to Interrogatories dated March 24, 2023, true and correct copies of which are attached hereto as **Exhibit B**, at Answer Number 14.

Motion to Amend until June 9, 2023, more than a month after the deadline. There is no doubt that Plaintiff could have initially been confused by the error of Sgt. Det. Taxter in identifying Officer Marshall, rather than Officer Picarello, as the officer that appeared at the time stamps Plaintiff associates with John Doe No. 2. But that confusion was cleared up well in advance of the deadline to amend the Complaint to add additional defendants. The City identified Officer Picarello and not Officer Marshall as the relevant officer at the relevant time stamps with more than sufficient time to amend the Complaint. At bare minimum, Plaintiff had more than sufficient evidence to add Officer Picarello prior to the deadline with Officer Marshall and sort out any confusion between the two during discovery. But she chose not to do so.

## Argument

Plaintiff looks to the good cause standard of Fed. R. Civ. P. 16(b) for modifying a scheduling order after the deadline, citing *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) (distinguishing between "freely given" amendments and those for which "good cause" is shown). However, Rule 6(b) is clear. "Good cause" is the standard for extending time under the rules when the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(B)(1)(A). A party may extend the time after the time has expired on a motion where "the party has failed to act because of excusable neglect." Fed. R. Civ. P. 6(B)(1)(B). In the present case, Plaintiff seeks to amend the Complaint for a second time after the Court-ordered deadline for doing so. There is no excusable neglect.

Plaintiff seeks to establish excusable neglect by suggesting that there was confusion over her request for identification of officers by *time stamp*, suggesting that she believed that the officers – despite the plain language of the interrogatory – should have been identified by the time of day. Plaintiff's confusion is neither excusable neglect nor good cause.

"'Demonstrating excusable neglect is a demanding standard' and the trial judge has 'wide discretion' in dealing with litigants who make such claims." *In re Sheedy*, 875 F.3d 740, 743–44 (1st Cir. 2017) (quoting *Santos–Santos v. Torres–Centeno*, 842 F.3d 163, 169 (1st Cir. 2016)). "A successful showing of excusable neglect … requires unique or extraordinary circumstances: these do not include ignorance of the law or the rules of procedure … Nor do they include counsel's inattention." *Drysdale, Inc. v. Wolfram*, 2009 WL 189959, at *1 (D. Mass. Jan. 27, 2009) (Stearns, J.) (analyzing standard under Rule 6(b)). Under Rule 60(b) "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect". *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003). There is no excusable neglect here, where Plaintiff was well aware of the fact that Officer Picarello was a potential defendant no later than the answers to interrogatories served on March 24, 2023, more than a month prior to the deadline to amend the pleadings. There is no excusable neglect. The Second Motion to Amend should be denied.

Even if the "good cause" standard applies, these circumstances do not meet the requirements of good cause for an extension of the deadline to amend the Complaint and add a defendant to the litigation. In the case cited by Plaintiff, *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 5 (1st Cir. 2013), the plaintiff waited until forty-one days after the deadline to raise the good cause argument, which was rejected by the First Circuit. "We have explained in the past that Rule 16(b) allows district courts to manage their over-burdened case loads and litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *Id.* (internal citations omitted). Simply stated, Plaintiff should have been aware of the fact that Officer Picarello was a potential defendant in this litigation well before the deadline to amend the pleadings. Plaintiff ignored the information provided by the City and focused on Officer Marshall, despite the City's efforts to clear up any confusion as to the

identity of the officer Plaintiff believed to be John Doe No. 2.  While Plaintiff's initial confusion as to the identity of John Doe No. 2 is certainly understandable, the refusal to entertain the City's efforts to clear up that confusion is not.  Plaintiff's refusal to consider that the identity of the officer in the relevant videos was mistaken by IAD is not good cause or excusable neglect for a late amendment of the Complaint.  Indeed, when counsel for the City asked Plaintiff to dismiss Officer Marshall she refused to do so.

## Conclusion

For the reasons set forth herein, the City respectfully requests that this Honorable Court deny the Second Motion to Amend, refuse to add Officer Brian Picarello as a defendant in this litigation, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

**CITY OF BOSTON**
By its attorneys:

ADAM CEDERBAUM
Corporation Counsel


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Randall Maas (BBO# 684832)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4045 (Whitesell)
(617) 635-4042 (Maas)
edward.whitesell@boston.gov
Dated:  June 23, 2023                randall.maas@boston.gov

**Certificate of Service**

  I, Edward F. Whitesell, Jr., hereby certify that on June 23, 2023, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.

              /s/ Edward F. Whitesell, Jr.
              Edward F. Whitesell, Jr.