UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-11009-RGS

| | |
|---|---|
| LYNNEL COX, as administrator of the estate of Shayne R. Stilphen, | |
| Plaintiff, | |
| v. | |
| CITY OF BOSTON, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, DAVID MARSHALL, and BRIAN PICARELLO, | |
| Defendants. | |

**DEFENDANT DAVID MARSHALL'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant David Marshall ("Defendant Marshall") hereby answers the Second Amended Complaint ("Complaint") of Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen, as follows:

**INTRODUCTION**

1. Defendant Marshall states that Paragraph 1 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

2. Defendant Marshall states that Paragraph 2 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

3. Defendant Marshall states that Paragraph 3 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

4. Defendant Marshall states that Paragraph 4 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required,

Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

5. Defendant Marshall states that Paragraph 5 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

6. Defendant Marshall states that Paragraph 6 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

7. Defendant Marshall states that Paragraph 7 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

8. Defendant Marshall states that Paragraph 8 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

9. Defendant Marshall states that Paragraph 9 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

10. Defendant Marshall states that Paragraph 10 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

11. Defendant Marshall states that Paragraph 11 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

12. Defendant Marshall states that Paragraph 12 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph.

13. Defendant Marshall states that Paragraph 13 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall.  To the extent a response is required, Defendant Marshall denies the allegations.

14. Defendant Marshall states that Paragraph 14 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required, Defendant Marshall admits that after Officer Doolan entered Mr. Stilphen's cell, BPD officers responded to the cell to administer Narcan and CPR. Defendant Marshall denies the remaining allegations in this paragraph.

15. Defendant Marshall states that Paragraph 15 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

16. Defendant Marshall states that Paragraph 16 of the Complaint is introductory in nature and does not require an answer from Defendant Marshall. To the extent a response is required, Defendant Marshall denies the allegations.

## PARTIES

17. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant Marshall admits that he is an officer in the BPD and was at the time of Mr. Stilphen's arrest. The remainder of this paragraph consists of legal conclusions to which no response is required.

23. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

## JURISDICTION AND VENUE

24. Paragraph 24 of the Complaint is a statement of jurisdiction and does not require a response from Defendant Marshall.

## **ALLEGATIONS**

25. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant Marshall denies the allegations.

46. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51. Admitted.

52. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53. Paragraph 53 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

54. Paragraph 54 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

55. Paragraph 55 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

56. Paragraph 56 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

57. Paragraph 57 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

58. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant Marshall admits that District 4's booking area is subject to video surveillance and recording.  Defendant Marshall denies the remaining allegations in this paragraph.

61. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

67. Paragraph 67 refers to video surveillance footage, which speaks for itself.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

68. Paragraph 68 calls for legal conclusions and, therefore, no response from Defendant Marshall is required.

69. Defendant Marshall admits that Mr. Stilphen would be visible to officers if they walked past the cell or were monitoring the video of his cell that was on a monitor in the booking area. Defendant Marshall is without knowledge or information sufficient to enable him to admit or deny the remaining allegations in the second sentence of this paragraph.

70. Paragraph 70 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph.

71. Defendant Marshall denies the allegation in the first sentence of this paragraph. Defendant Marshall is without knowledge or information sufficient to enable him to admit or deny the allegations in the second sentence of this Paragraph.

72. Denied.

73. Defendant Marshall denies that he walked by Mr. Stilphen's cell at 4:43 AM.

74. Defendant Marshall denies that he walked by Mr. Stilphen's cell at 4:43 AM.

75. Paragraph 75 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

76. Paragraph 76 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

77. Paragraph 77 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

78. Paragraph 78 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph.

79. Paragraph 79 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

80. Paragraph 80 refers to video surveillance footage, which speaks for itself. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

81. Defendant Marshall denies that he dropped food through the slot in Mr. Stilphen's door at 5:39 AM.

82. Denied.

83. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint.

85. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

86. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint.

87. Defendant Marshall admits that officers administered Narcan on Mr. Stilphen. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 87 of the Complaint.

88. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant Marshall admits that EMS arrived approximately five minutes after officers entered the cell and took over the medical treatment of Mr. Stilphen. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 of the Complaint.

90. Paragraph 90 calls for legal conclusions and, therefore, no response from Defendant Marshall is required.

91. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint.

92. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint.

93. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint.

94. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint.

95. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint.

96. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint.

97. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint.

98. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint.

99. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint.

100. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint.

101. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint.

102. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint.

103. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint.

104. Defendant Marshall denies the allegations.

105. Defendant Marshall denies the allegations.

106. Defendant Marshall denies the allegations.

107. Defendant Marshall denies the allegations.

108. Defendant Marshall denies the allegations.

109. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint.

110. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint.

111. Defendant Marshall denies the allegations.

112. Defendant Marshall denies the allegations.

113. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint.

114. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint.

115. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint.

116. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Complaint.

117. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint.

118. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint.

119. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint.

120. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint.

121. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint.

122. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint.

123. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint.

124. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint.

125. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint.

126. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Complaint.

127. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint.

128. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Complaint.

129. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint.

130. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 130 of the Complaint.

131. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint.

132. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint.

133. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Complaint.

134. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint.

135. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint.

136. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Complaint.

137. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint.

138. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Complaint.

139. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Complaint.

140. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint.

141. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint.

142. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Complaint.

143. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint.

144. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint.

145. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Complaint.

146. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint.

147. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint.

## CLAIMS FOR RELIEF

### Count I – Unconstitutional Failure to Provide Medical Care, Treatment, and Monitoring in Violation of the Fourteenth Amendment's Right to Due Process (42 U.S.C. § 1983)
(against all Defendants)

148. Defendant Marshall incorporates and re-alleges its responses contained in Paragraphs 1 through 147 as if fully stated herein.

149. Paragraph 149 calls for a legal conclusion and, therefore, no response from Defendant Marshall is required.

150. Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Complaint.

151. Defendant Marshall denies the allegations.

152. Defendant Marshall denies the allegations.

153. Defendant Marshall denies the allegations.

154. Defendant Marshall denies the allegations.

155. Defendant Marshall denies the allegations.

### Count II – Violation of Title II of the Americans with Disabilities Act (ADA)
(against Defendant City of Boston)

156. Defendant Marshall incorporates and re-alleges its responses contained in Paragraphs 1 through 155 as if fully stated herein.

157. Paragraph 157 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required.  To the extent a response is required, Defendant

Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 157 of the Complaint.

158. Paragraph 158 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 158 of the Complaint.

159. Paragraph 159 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 159 of the Complaint.

160. Paragraph 160 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 160 of the Complaint.

161. Paragraph 161 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 161 of the Complaint.

162. Paragraph 162 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 162of the Complaint.

163. Paragraph 163 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 163 of the Complaint.

164. Paragraph 164 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 164 of the Complaint.

165. Paragraph 165 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 165 of the Complaint.

166. Paragraph 166 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required. To the extent a response is required, Defendant

Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Complaint.

167.   Paragraph 167 is directed to a party other than Defendant Marshall and, therefore, no response from Defendant Marshall is required.  To the extent a response is required, Defendant Marshall does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Complaint.

**Count III – Wrongful Death (Mass. Gen. Law ch. 229, § 2)**
(against Defendant Officers Ismael Almeida, Paul Michael Bertocchi, Catia Freire, David Marshall, and Brian Picarello)

168.   Defendant Marshall incorporates and re-alleges its responses contained in Paragraphs 1 through 167 as if fully stated herein.

169.   Defendant Marshall denies the allegations.

170.   Defendant Marshall denies the allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Decedent's injuries and/or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, not by the conduct of Defendant Marshall.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Marshall, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are by their own acts, omissions, or negligence estopped from asserting any claims against Defendant Marshall.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Marshall's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Marshall is immune from suit as he was engaging in discretionary functions.

### SEVENTH AFFIRMATIVE DEFENSE

None of Defendant Marshall's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiffs.  Nor were these alleged injuries or damages caused by any person or entity within Defendant Marshall's responsibility or control.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant Marshall is immune from suit because his actions are protected by the doctrine of qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

### TENTH AFFIRMATIVE DEFENSE

Defendant Marshall is immune from suit because his actions are protected by the doctrine of common law immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Marshall reserves the right to add additional affirmative defenses as discovery unfolds.

### DEMAND FOR JURY TRIAL

Defendant David Marshall hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Defendant,
David Marshall
By his attorneys,

Adam Cederbaum
Corporation Counsel

/s/ Randall Maas

Edward Whitesell BBO#644331
Senior Assistant Corporation Counsel
Randall Maas BBO# 684832
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4045 (Whitesell)
617-635-4042 (Maas)
Edward.whitesell@boston.gov
Randall.maas@boston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 12, 2023.

July 12, 2023

Date

/s/ Randall Maas
Randall Maas

16