UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-11009-RGS

LYNNEL COX, as administrator of the estate of Shayne R. Stilphen,

    Plaintiff,

v.

CITY OF BOSTON, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, DAVID MARSHALL, and BRIAN PICARELLO,

    Defendants.

**THE CITY OF BOSTON'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

The City of Boston (the "City") hereby answers plaintiff Lynnel Cox's, as administrator of the estate of Shayne R. Stilphen (the "Plaintiff"), Second Amended Complaint as follows:

**INTRODUCTION**

1. This paragraph is introductory in nature and therefore no response from the City is required. To the extent a response is required, the City admits that on July 14, 2019, Mr. Stilphen was in police custody after having been arrested. The City denies the remaining allegations of this paragraph.

2. This paragraph is introductory in nature and therefore no response from the City is required. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

3. This paragraph is introductory in nature and therefore no response from the City is required. To the extent a response is required, the City admits that the intersection of Massachusetts Avenue and Melnea Cass Boulevard falls within area D-4. The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph.

4. This paragraph is introductory in nature and therefore no response from the City is required. To the extent a response is required, the City admits that police officers in area D-4

1

regularly encounter intoxicated opioid users and overdoses, including arrests and detentions.  The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph.

5. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

6. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

7. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City denies the allegations in this paragraph.

8. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City denies the allegations in this paragraph.

9. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City denies the allegations in this paragraph.

10. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City denies the allegations in this paragraph.

11. The City admits that on May 28, 2019, an individual in the custody of BPD at the D-4 station died of a drub overdose in one of the cells.  The City denies the remaining allegations in this paragraph.

12. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City admits that on July 14, 2019, officers from BPD arrested Mr. Stilphen and booked him into D-4 station.  The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph.

13. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City admits that Mr. Stilphen ingested drugs while in his cell following his arrest and booking.  The City denies the remaining allegations in this paragraph.

14. This paragraph is introductory in nature and therefore no response from the City is required.  To the extent a response is required, the City admits that after Officer Doolan entered Mr. Stilphen's cell, BPD officers responded to the cell to administer Narcan and CPR. The City denies the remaining allegations in this paragraph.

15. This paragraph is introductory in nature and therefore no response from the City is required. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

16. This paragraph is introductory in nature and therefore no response from the City is required. To the extent a response is required, the City denies the allegations in this paragraph.

**PARTIES**

17. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

18. The City denies that BPD is a proper defendant, as it is a department of the City and not a separate legal entity. The City admits the remaining allegations contained in this paragraph.

19. The City admits that Officer Almeida is an officer of the BPD and was at the time of Mr. Stilphen's arrest. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, the City admits that Plaintiff's Complaint asserts claims against Officer Almeida in an individual capacity and denies the remaining allegations of this paragraph.

20. The City admits that Officer Bertocchi is an officer of the BPD and was at the time of Mr. Stilphen's arrest. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, the City admits that Plaintiff's Complaint asserts claims against Officer Bertocchi in an individual capacity and denies the remaining allegations of this paragraph.

21. The City admits that Officer Freire is an officer of the BPD and was at the time of Mr. Stilphen's arrest. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, the City admits that Plaintiff's Complaint asserts claims against Officer Freire in an individual capacity and denies the remaining allegations of this paragraph.

22. The City admits that Officer Marshall is an officer of the BPD and was at the time of Mr. Stilphen's arrest. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, the City admits that Plaintiff's Complaint asserts claims against Officer Marshall in an individual capacity and denies the remaining allegations of this paragraph.

23. The City admits that Officer Picarello is an officer of the BPD and was at the time of Mr. Stilphen's arrest. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, the City admits that Plaintiff's Complaint asserts claims against Officer Marshall in an individual capacity and denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

24. This paragraph contains legal conclusions to which no response is required.

## ALLEGATIONS

25. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

26. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

27. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

28. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

29. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

30. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

31. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

32. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

33. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

34. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39.     The City states that Boston Police Department Rule 318 is a publicly available document that speaks for itself.  The City admits that the quoted language is contained in the Rule and otherwise denies the allegations of this paragraph.

40.     Denied.

41.     The City states that Boston Police Department Rule 318 is a publicly available document that speaks for itself.  The City admits that the quoted language is contained in the Rule and otherwise denies the allegations of this paragraph.

42.     Denied.

43.     The City denies the first sentence of this paragraph.  With respect to the second sentence of this paragraph, the City admits that Rule 318A provides that persons who are taken into protective custody that are *incapacitated* due to drugs shall be transported to a hospital or medical facility.

44.     Denied.

45.     Denied.

46.     The City admits that around 1:00 a.m. on July 14, 2019, BPD officers arrested Mr. Stilphen for breaking into a car.  The City admits that the officers identified in this paragraph all responded to the scene of the arrest.

47.     The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

48.     The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

49.     The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

50.     The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

51.     Admitted.

52.     Admitted.

53. The City admits that Plaintiff talked to Officer Bertocchi and another officer while in the holding cell, but otherwise denies the allegations in sentence one of this paragraph. The City admits the remaining allegations of this paragraph.[1]

54. The City admits that at approximately 1:52 a.m., Mr. Stilphen hinged forward at the waist and appeared to nod-off. The City otherwise denies the allegations in this paragraph.

55. The City admits that at approximately 1:53 a.m., Officer Bertocchi entered the cell and Mr. Stilphen sat up immediately and took a container of milk from Officer Bertocchi. The City otherwise denies the allegations in this paragraph.

56. The City admits that at approximately 1:55 a.m., Mr. Stilphen hinged forward at the waist and appeared to nod-off. The City otherwise denies the allegations in this paragraph.

57. Admitted.

58. The City admits the first sentence of this paragraph. The City admits that the booking officer, in conjunction with the arresting officers, is responsible for gathering personal information, fingerprinting, searching and taking photos during the booking process. The City is without knowledge or information sufficient to enable it to admit or deny the allegations in the third sentence of this paragraph.

59. The City admits the first sentence of this paragraph. The City is without knowledge or information sufficient to enable it to admit or deny the allegations in the second sentence of this paragraph.

60. The City admits that the booking area at the D-4 station is subject to video surveillance and recording. The City denies the remaining allegations of this paragraph.

61. Denied.

62. Denied.

63. The City denies the allegations of the first sentence of this paragraph. The City admits that Mr. Stilphen appears to lean against the wall while his booking was taken while Officers Freire and Bertocchi look on, but otherwise denies the allegations in the second sentence of this paragraph. The City is without knowledge or information sufficient to enable it to admit or deny the allegations in the third sentence of this paragraph.

64. The City admits that Officer Bertocchi searched Mr. Stilphen during the booking process.

---

[1] The City notes that Plaintiff's alleged facts regarding what happened during booking and in the holding cells (paragraphs 53-89) are derived almost exclusively from video of Mr. Stilphen that night. That video speaks for itself. The City's issue is not with what occurred in the video but rather with Plaintiff's characterization of those events.

65. Denied.

66. Admitted.

67. The City admits that at approximately shortly after he was placed in his cell, Mr. Stilphen hinged forward at the waist and appeared to nod-off again while Officers Freire, Bertocchi, and Almeida were outside of the cell. The City otherwise denies the allegations in this paragraph.

68. Denied.

69. The City admits that Mr. Stilphen would be visible to officers if they walked past the cell or were monitoring the video of his cell that was on a monitor in the booking area. The City further admits than an officer passed by the cells every fifteen minutes. The City denies the remaining allegations contained in this paragraph.

70. The City admits that at approximately 2:33 a.m., Mr. Stilphen reached inside the back of his shorts and removed drugs and then he leaned forward and appeared to ingest some, repeating this several times until he appeared to fall asleep. The City further admits that Mr. Stilphen woke periodically to consume more drugs throughout the night. The City denies the remaining allegations contained in this paragraph.

71. The City denies the allegation in the first sentence of this paragraph. The City is without knowledge or information sufficient to enable it to admit or deny the allegations in the second sentence of this paragraph

72. Denied.

73. Admitted.

74. Admitted.

75. The City admits that at 4:48 a.m., Mr. Stilphen leaned forward with the bag with his legs crossed in front of him. The City denies the remaining allegations contained in this paragraph.

76. The City admits that Mr. Stilphen remained leaning forward with his legs crossed in front of him for approximately an hour. The City denies the remaining allegations contained in this paragraph.

77. The City admits that officers walked by the cell several times during those 51 minutes and that the video camera was on and recording at all times. The City further admits the second and third sentences of this paragraph.

78. The City admits that Officer Almeida walked by the cell several times during that time frame. The City denies the allegations in the second sentence of this paragraph.

79. The City admits that officers walked by the cell at approximately 5:20 a.m. The City denies the remaining allegations of this paragraph.

80. The City admits that Officer Almeida appears to walk back and forth past the cell at approximately 5:35 a.m. The City denies the remaining allegations of this paragraph.

81. The City admits that an officer puts food in the slot and looks in the cell at approximately 5:39 a.m. The City denies the remaining allegations contained in this paragraph.

82. Denied.

83. Admitted.

84. The City admits that the quoted language is in Officer Doolan's report. The City is without knowledge or information sufficient to enable it to admit or deny that this was the first time he had walked by the cell. The City denies the remaining allegations contained in this paragraph.

85. The City admits that the allegations contained in this paragraph are in Officer Doolan's report. The City is without knowledge or information sufficient to enable it to admit or deny Officer Doolan or Officer Almeida's observations of Mr. Stilphen.

86. The City admits that officers have access to Narcan and that no Narcan was administered until after Officer Doolan called for the cell door to be opened. The City denies the remaining allegations of this paragraph.

87. The City admits that Officer Almeida began CPR and that Officer Doolan retrieved and administered Narcan. The City denies the remaining allegations in the first sentence of this paragraph. The City admits the allegations contained in the second and third sentences of this paragraph.

88. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

89. The City admits that EMS arrived approximately five minutes after officers entered the cell and took over the medical treatment of Mr. Stilphen. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations of this paragraph

90. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

91. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

92. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

93. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

94. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

95. The City admits that Mr. Stilphen's shorts were never located by BPD. The City denies remaining allegations of this paragraph.

96. Denied.

97. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

98. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

99. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

100. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

101. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

102. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

103. Admitted.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

110. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

116. Denied.

117. Denied.

118. Denied.

119. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

120. The City admits that officers are trained to use Naxolone. The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph

121. Denied.

122. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of the first sentence of this paragraph. The City denies the allegations contained in the second sentence of this paragraph.

123. Denied.

124. Denied.

125. Denied.

126. The City admits that the individual believed to be the one identified by Plaintiff as "Mr. Smith" was arrested and taken into BPD custody at the D-4 station and placed in a single-person cell after booking.

127. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of the first sentence of this paragraph. The City admits that "Mr. Smith" appears to have ingested drugs at the time identified in this paragraph. The City denies the remaining allegations of this paragraph.

128. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

129. The City admits that the death investigation concluded that "Mr. Smith" appeared to take his last breath at 6:40 p.m.

130. The City admits that records indicate that officers checked the cells every 15 minutes as required for a total of approximately nineteen checks during that time. The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph.

131. Admitted.

132. The City admits that its records indicate Officer Almeida was on duty during that time and assigned as "clerk." The City admits that records indicate that Officer Almeida checked the cells every 15 minutes as required for a total of approximately fourteen checks during that time. The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph.

133. The City admits that its records indicate that at 4:00 a.m. a fire alarm went off, the Boston Fire Department responded, and that the cells were checked during this time. The City is without knowledge or information sufficient to enable it to admit or deny the remaining factual allegations of this paragraph.

134. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

135. The City admits that BPD discovered that "Mr. Smith" had died when Officer Butcher attempted to wake him for a scheduled court hearing at approximately 8:40 a.m. on May 28, 2019. The City further admits that Officer Butcher reported that "Mr. Smith" was very stiff and unresponsive.

136. Denied.

137. Denied.

138. Denied.

139. The City admits that and officer from Internal Affairs conducted a death investigation regarding "Mr. Smith" and concluded that BPD Rules and Procedures were adhered

11

to and that no further investigation was necessary. The City denies the remaining allegations contained in this paragraph.

140. Denied.

141. Admitted.

142. Denied.

143. Denied.

144. Denied.

145. The City admits that the IA investigation remained open for more than two years and that initial interviews occurred approximately five to seven months following Mr. Stilphen's death. The City denies the remaining allegations contained in this paragraph.

146. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

147. The City is without knowledge or information sufficient to enable it to admit or deny the factual allegations of this paragraph.

## CLAIMS FOR RELIEF

### Count I – Unconstitutional Failure to Provide Medical Care, Treatment, and Monitoring in Violation of the Fourteenth Amendment's Right to Due Process (42 U.S.C. § 1983)
(against all Defendants)

148. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-147 as if set forth fully herein.

149. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in this paragraph.

150. The City admits that on July 14, 2019, Mr. Stilphen was in the custody of BPD and otherwise denies the allegations contained within this paragraph.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

### Count II – Violation of Title II of the Americans with Disabilities Act (ADA)
(against Defendant City of Boston)

156. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-155 as if set forth fully herein.

157. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in this paragraph.

158. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in this paragraph.

159. Admitted.

160. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in this paragraph.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in this paragraph.

167. Denied.

### Count III – Wrongful Death (Mass. Gen. Law ch. 229, § 2)
(against Defendant Officers Ismael Almeida, Paulmichael Bertocchi,
Catia Freire, David Marshall and John/Jane Doe No. 1)

168. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-167 as if set forth fully herein.

169. The allegations of this paragraph are directed to a party other than the City and contain legal conclusions, and thus no response is required. To the extent that a response is required, the City denies the allegations of this paragraph.

170. The allegations of this paragraph are directed to a party other than the City and contain legal conclusions, and thus no response is required. To the extent that a response is required, the City denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Further answering, the City asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The City, at all times, acted in good faith and upon reasonable belief that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

Plaintiff's Complaint fails to state a federal civil rights claim against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### Fourth Affirmative Defense

Plaintiff's Complaint fails because the City did not maintain a well-settled municipal practice whose implementation was deliberately indifferent to the constitutional rights of Plaintiff.

### Fifth Affirmative Defense

Plaintiff's Complaint fails because the Boston Police Department did not maintain an unconstitutional policy or custom.

### Sixth Affirmative Defense

Plaintiff's Complaint fails because no decision or action by an official vested with policy-making authority was deliberately indifferent to the constitutional rights of Plaintiff.

### Seventh Affirmative Defense

The City is a municipal corporation and its liability, if any, is limited by statute.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

### Ninth Affirmative Defense

Plaintiff's injuries and/or damages, if any, were caused by Mr. Stilphen's own negligent or intentional conduct and/or by the conduct of others, not by the conduct of any City employee.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Eleventh Affirmative Defense

Plaintiff claims are barred by the doctrine of estoppel.

### Twelfth Affirmative Defense

The City reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

### JURY DEMAND

### THE CITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Date:  July 12, 2023

Respectfully submitted,

**CITY OF BOSTON,**

By its attorneys:
ADAM CEDERBAUM
Corporation Counsel


/s/ Randall F. Maas
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Randall Maas BBO# 684832
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4045 (Whitesell)
617-635-4042 (Maas)
edward.whitesell@boston.gov
Randall.maas@boston.gov

**Certificate of Service**

    I, Randall F. Maas., hereby certify that on July 12, 2023, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.

                                                  /s/ Randall F. Maas
                                                  Randall F. Maas