# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:22-cv-11009-RGS**

| |
|---|
| **LYNNEL COX, as administrator of the Estate of Shayne R. Stilphen,** |
| **Plaintiff,** |
| **v.** |
| **CITY OF BOSTON, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, DAVID MARSHALL and JOHN/JANE DOE NO. 1,** |
| **Defendants.** |

**DEFENDANT CITY OF BOSTON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant, City of Boston ("City"), hereby responds to Plaintiff's First Request for the Production of Documents as follows:

**REQUEST NO. 1:**
All documents concerning Shayne Stilphen's arrest, booking, and detention by BPD, including without limitation any and all reports, forms, logs, notes, communications, case files, database files and search results, electronic mail, photographs, audio recordings, and video recordings.

**RESPONSE NO. 1:**
    **Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. Subject to, and without waiving the foregoing objections, the City refers to produced responsive documents in its possession, See COB 1-111. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

**REQUEST NO. 2**

All documents concerning Mr. Geigel's arrest, booking, and detention by BPD, including without limitation any and all reports, forms, logs, notes, communications, case files, database files and search results, electronic mail, photographs, audio recordings, and video recordings.

**RESPONSE NO. 2**

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 3

All documents, including all complaints, orders, communications, electronic mail, interview notes, witness statements, draft reports, reports, evidence, case files, forms, minutes, transcripts, recordings, findings, recommendations, and records of any discipline, training or re-training imposed, regarding any inquiry, investigation and/or disciplinary proceedings concerning Shayne Stilphen, his time in the custody of the BPD, and/or the circumstances leading up to his death, including but not limited to documents related to HUI 192054058, IAD 2019-0519, and SA 2019-014.

## RESPONSE NO. 3

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 4

All documents, including all complaints, orders, communications, electronic mail, interview notes, witness statements, draft reports, reports, evidence, case files, forms, minutes, transcripts, recordings, findings, recommendations, and records of any discipline, training or re-training imposed, regarding any inquiry, investigation and/or disciplinary proceedings concerning Mr. Geigel, his time in the custody of the BPD, and/or the circumstances leading up to his death, including but not limited to documents related to SA 2019-008.

## RESPONSE NO. 4

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, unduly burdensome, and not limited in time and scope. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 5

All documents recording or showing District 4's staffing on May 26-28, 2019 and July 14, 2019, including without limitation, for each day, the name of each officer and employee on duty, their hours of duty, their work assignment, their work location, and activities performed.

## RESPONSE NO. 5

The City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 6

Documents sufficient to show the District 4 prisoner and detainee roster for May 26-28, 2019 and July 14, 2019, including without limitation, for each day, the names of the prisoners and detainees and their cell assignments.

## RESPONSE NO. 6

The City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 7

All documents concerning complaints alleging denial of medical care or treatment of a person held in BPD custody from January 1, 2014, to the present, and records of the investigation and adjudication of those complaints, including any findings made and any discipline imposed.

## RESPONSE NO. 7

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects as this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 8

All documents recording or showing cell visits, rounds, inspections, and/or other activities of BPD personnel in District 4 on July 14, 2019, including without limitation all logs of periodic staff rounds, cell visits, medication deliveries, meal deliveries, and inspections.

## RESPONSE NO. 8

The City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 9

All documents recording or showing cell visits, rounds, inspections, and/or other activities of BPD personnel in District 4 on May 26-28, 2019, including without limitation all logs of periodic staff rounds, cell visits, medication deliveries, meal deliveries, and inspections.

## RESPONSE NO. 9

The City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 10

All policies, procedures, or rules in effect at the BPD at any time from January 1, 2014, to the present, and any drafts, amendments, exhibits, and addenda thereto, concerning each of the following subjects: (a) the intake and booking process for people entering BPD custody; (b) the housing, care, treatment, and management of persons in BPD custody; (c) providing medical evaluation, treatment, and other medical care to persons in custody at the BPD; (d) the care and treatment of persons in BPD custody with opioid, alcohol, and other substance use disorders, including any policies and procedures for addiction treatment, detoxification, and withdrawal; (e) the care and treatment of persons in BPD custody with any pre-existing medical condition or injury, including any policies or procedures for treating and assisting those conditions; (f) the care and treatment of persons in BPD custody who are or who are suspected to be intoxicated, including any policies regarding monitoring; (g) the care and treatment of persons in BPD custody who experience an opioid overdose, including any policies on the administration of medication used to reverse or reduce the effects of opioids; (h) seeking outside medical assistance for people in BPD custody, including the transport of persons in custody at the BPD to a hospital, medical clinic, or

other medical facility; (i) monitoring cells, (j) the collection, retention, and return of property of people held in BPD custody; and (k) internal investigations at the BPD, including into allegations of lack of medical care or treatment of a person in BPD custody.

## RESPONSE NO. 10

**Objection.** The City objects to this request on the grounds that it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. The City further objects on the grounds that "all" records are broad and unduly burdensome to the extent it requests the City to compile all training materials on these topic areas from the dates the Officer defendants attending the Academy to the present. The City further objects to this request to the extent it seeks training materials that post-date the July 14, 2019 incident because this information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 11

All training materials prepared by the BPD, or presented to BPD recruits, employees, or contractors, concerning the subjects listed in Request 10, since January 1, 2014, including but not limited to drafts of any such training materials, amendments and updates to any such training materials, training bulletins, directives, special orders, commissioner's orders and memoranda, text books, pamphlets, other materials provided at the Academy, and PowerPoint presentations, including the PowerPoint presentation excerpted on COB 000052.

## RESPONSE NO. 11

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City object to this request on the grounds that it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Subject to the foregoing objections, the City continues to search for responsive documents and recognizes its obligation to supplement this response if additional documents in the City's possession, custody, or control are discovered. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 12

All communications concerning the rules, policies, procedures, and training materials provided in response to Request 10 and 11, including any communications regarding changes to the rules, policies, procedures and training materials provided in response to Request 10 and 11.

## RESPONSE NO. 12

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. Subject to the foregoing objections, the City continues to search for responsive documents and recognizes its obligation to supplement this response if additional documents in the City's possession, custody, or control are discovered.

## REQUEST NO. 13

Documents sufficient to show the number of arrests made for drug possession or consumption by BPD in District 4 on an annual basis from January 1, 2014 through the present.

**RESPONSE NO. 13**

 **Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects as this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14**

Documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to suspected and/or confirmed drug intoxication, over-intoxication, and/or overdose since January 1, 2014, including but not limited to the officer(s) involved, the basis for the treatment, what type of treatment was provided, whether outside medical attention was sought, and the outcome of such treatment or medical care.

**RESPONSE NO. 14**

 **Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome.

**REQUEST NO. 15**

Documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to illness, a medical condition, and/or injury since January 1, 2014, including but not limited to the officer(s) involved, the basis for the treatment, what type of treatment was provided, whether outside medical attention was sought, and the outcome of such treatment or medical care.

**RESPONSE NO. 15**

 **Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome.

**REQUEST NO. 16**

All documents that are referenced in Defendants' initial disclosures and responses to interrogatories in this case.

**RESPONSE NO. 16**

 **Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. Subject to, and without waiving the foregoing objections, the City refers to COB 1-111. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

**REQUEST NO. 17**

All documents that are considered or relied upon by any testifying expert to develop such expert's opinions in this action.

**RESPONSE NO. 17**

 **Objection.** The City has not decided which expert witness and evidence it intends to call and introduce at the trial of this matter. Subject to and without waving the foregoing objection, the City reserves the right to supplement this response in accordance with the governing rules and orders of the Court at the appropriate time.

## REQUEST NO. 18

All documents that will be introduced or otherwise displayed or referenced at the trial of this action.

## RESPONSE NO. 18

**Objection.** The City has not decided which evidence it intends to introduce at the trial of this matter. Subject to and without waving the foregoing objection, the City reserves the right to supplement this response in accordance with the governing rules and orders of the Court at the appropriate time.

## REQUEST NO. 19

All documents that are produced to any other party pursuant to a discovery request or obligation arising from this action.

## RESPONSE NO. 19

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects to this request to the extent it seeks confidential and private information concerning other employees and other information that is covered by the investigatory privilege. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 20

All documents demonstrating the cause of death for Mr. Geigel, including but not limited to Mr. Geigel's report of autopsy and postmortem toxicology report.

## RESPONSE NO. 20

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects to this request to the extent it seeks confidential and private information concerning other employees, and other information that is covered by the investigatory privilege. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 21

The complete personnel files for Almeida, Bertocchi, Freire, and Marshall, including without limitation any and all records concerning their interactions with Shayne Stilphen and/or Mr. Geigel, and including without limitation any and all complaints of misconduct against them and the resolution of any such complaints.

## RESPONSE NO. 21

**Objection.** The City objects to this request to the extent it seeks confidential and private information concerning other employees, and other information that is covered by the investigatory privilege. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 22

All documents including but not limited to emails, orders, directives, training bulletins, and commissioners memoranda, sent to or from any BPD or City employee between May 28, 2019 and July 14, 2019, regarding Mr. Geigel, substance use disorder, OUD, Mass and Cass, methadone mile, opioids, fentanyl, intoxication, overdose, booking procedures, monitoring of cells, administration of Narcan, and/or seeking outside medical care or assistance.

**RESPONSE NO. 22**

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence. The City objects to this request to the extent it seeks attorney-client communications and/or work product protected information.

**REQUEST NO. 23**

All documents including but not limited to emails, orders, directives training bulletins, and commissioner memoranda, sent to or from any BPD or City employee about, Shayne Stilphen.

**RESPONSE NO. 23**

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence. The City further objects to this request to the extent it seeks attorney-client communications and/or work product protected information. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

**REQUEST NO. 24**

All documents concerning complaints regarding clothing or property that was not returned to people in BPD custody from January 1, 2014, to the present, and records of the investigation and adjudication of those complaints, including any findings made and any discipline imposed.

**RESPONSE NO. 24**

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City further objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25**

All communications sent to or from any BPD or City employee from January 1, 2014 to July 14, 2019 concerning substance use, intoxication, over-intoxication, and/or overdose, including but not limited to communications containing the terms "methadone mile," "mass and cass," "addict," "junkie," "substance abuse," "opioid abuse," "substance abuser," "opioid abuser," "opioid," "opiate," "heroin," and/or "fentanyl."

**RESPONSE NO. 25**

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City further objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 26

All documents sent from any BPD or City employee concerning Lynnel Cox, including communications to, from, about, and/or otherwise referring to Lynnel Cox or Lynnel Stilphen.

## RESPONSE NO. 26

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects to this request to the extent it seeks attorney-client communications and/or work product protected information. The City objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

## REQUEST NO. 27

All documents concerning Plaintiff's public record requests to BPD, including the public records requests submitted on December 7, 2020 (Reference # B001944-120720), July 1, 2021 (Reference # B001150-070121), and January 4, 2022 (Reference # R000011-010422).

## RESPONSE NO. 27

**Objection.** The City objects on the grounds that this request is overly broad, unreasonably cumulative, and unduly burdensome. The City objects to this request to the extent it seeks attorney-client communications and/or work product protected information. The City objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the City objects that the information Plaintiff is seeking is equally available to the Plaintiff. Subject to the foregoing objections, the City will produce all non-privileged and responsive documents in their custody, possession, or control.

Dated: March 1, 2023

Respectfully submitted,

DEFENDANT CITY OF BOSTON,

Adam N. Cederbaum,
Corporation Counsel

By their attorney,

 /s/ Randall Maas_____
Edward Whitesell (BBO# 644331)
Assistant Corporation Counsel
Randall Maas (BBO# 684832)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045 (Whitesell)
(617) 635-4042 (Maas)
Edward.whitesell@boston.gov
Randall.maas@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon counsel of record by email.

 3/1/2023_                                          /s/ Randall Maas_____
 Date                                               Randall Maas