# EXHIBIT E

## Follow up on our May 15th Call

Jessie Rossman <JRossman@aclum.org>

Mon 5/22/2023 7:54 PM

To:edward.whitesell@boston.gov <edward.whitesell@boston.gov>;Randall Maas
<randall.maas@boston.gov>

Cc:Valenti, Alexandra D <AValenti@goodwinlaw.com>;Potkay, Christine
<CPotkay@goodwinlaw.com>;Alexandra Arnold <AArnold@aclum.org>;Jessie Rossman
<JRossman@aclum.org>

Counsel,

Thank you for speaking with us last Monday, May 15 regarding the issues with respect to Defendants'
responses to Plaintiff's requests for production and interrogatories raised in our April 14, 2023 letter, as
well as deposition scheduling.

With respect to the scheduling of depositions, we understand that you are in the process of reaching out to
your clients to coordinate scheduling.  Please let us know by the end of this week the status of the
scheduling efforts and whether we might expect the depositions noticed for the beginning of June to go
forward on the noticed dates.

With respect to the requests for production and interrogatories, based on our meet and confer, we have
the following understandings.  To facilitate the scheduling and taking of depositions, please confirm that
Defendants will further respond to the requests and produce responsive documents as detailed below
by June 2, 2023.

Requests for Production

With respect to Request No. 7 to the City, you will speak to the City about methods to search for citizen
complaints alleging denial of medical care or treatment of a person held in BPD custody and the
investigations of any such complaints since January 1, 2014.

With respect to Request No. 14 to the City, you will confirm whether BPD is required to send a report to
BSAS and/or DPH each time it administers Narcan, and if so, you will produce those reports from D4
since January 1, 2014.

With respect to Request No. 15 to the City, you will speak with your client about producing CAD
reports that document when an EMT was called to the D4 address since January 1, 2014.

With respect to Request No. 13 to the City and Request No. 6 to Officers Almeida, Bertocchi and Freire,
we discussed the possibility of your clients entering into a stipulation rather than producing the requested
documents. We propose the following language: "On July 14, 2019, Defendant
[City/Almeida/Bertocchi/Freire] knew there was a high prevalence of opioid use in the D4 District."

With respect to Request No. 22 to the City, the City is searching its email server and will produce the
records responsive to this request.

With respect to Request No. 24 to the City, you stated that the City has informed you that there is no
method to search for complaints relating to clothing or property that was not returned to individuals in
BPD custody. Please supplement your response to Request No. 24 to the City to indicate this
information.

With respect to Request No. 25 to the City, the City is searching its email server and will produce the records responsive to this request.

With respect to Request Nos. 14 and 15 to Officers Almeida, Bertocchi and Freire, you stated that the Officers have told you that they do not have any responsive records in their possession. Please supplement the responses to these Requests to indicate this information. You also confirmed that the City will produce any responsive records that it finds in its search of its email server.

With respect to Request No. 12 to Officers Almeida, Bertocchi and Freire, the Estate will agree to table this Request pending any discovery regarding remedies that may occur at some future point in time.

Interrogatories

With respect to Interrogatory No. 4 to Officer Freire, you will confirm with Officer Freire whether she has any additional detail regarding the content of the trainings she lists in her response. You will also speak with the City about producing the training video that Officer Freire states that she watched while she was at the Academy.

With respect to Interrogatory No. 8 to Officer Freire, Officer Freire produced last week what appeared to be the text message from Lt. Foley referenced in her response.  Please confirm this message represents the entire responsive text message chain between Officer Freire and Lt. Foley.  Further, there appears to be a redaction of a message from Lt. Foley to Officer Freire.  Please inform as to the basis of this redaction.

With respect to Interrogatory Nos. 10 and 11 to Officer Bertocchi, and Interrogatory No. 16 to Officer Almeida, you stated that the Officers have told you that they do not have memories or recall of any specific instances of seeking outside medical assistance for a person either in BPD custody or interacting with a BPD officer or where a person in BPD custody or interacting with a BPD officer experienced an overdose as requested in the interrogatories.

With respect to Interrogatory No. 18 to Officer Almeida, you will confirm with Officer Almeida whether he has any responsive records sent to or received from BPD or the City on or after July 14, 2019 regarding substance use disorder, OUD, intoxication, overdose, booking procedures, cell monitoring, administration of Narcan and/or seeking outside medical assistance for people in BPD custody. If Officer Almeida has responsive records, please confirm he will produce them.  If not, please supplement Officer Almeida's response to this Interrogatory to indicate this information.

With respect to Interrogatory Nos. 11, 12 and 16 to the City, please see the discussion above regarding Request Nos. 7, 14 and 15 to the City.

With respect to Interrogatory No. 14 to the City, we learned during our call that there was some confusion between the parties regarding the relevant time stamps. The Estate sought identification of officers based on the timestamps for the actual time of day during Shayne's custody, which appeared in the upper lefthand corner of the videos produced to Lynnel Cox in response to her public records request to the BPD. *See* ECF 1, Complaint, at pgs. 15, 21, 23, 25-26. The City's initial response to Interrogatory No. 14 did not utilize this format. During the May 15 call, you clarified that the City's response to Interrogatory No. 14 identified Officer Brian Picarello as the Officer who placed food in the meal slot of Cell 19 at 5:38 am on July 14, 2019. Based on this information, the Estate will soon be moving to amend the complaint to add Officer Picarello as a named defendant. The Estate will not currently move to remove Officer Marshall, because there is also evidence that he was the Officer at that timestamp, including five BPD reports written by officers who investigated Shayne's death. Once the Estate has been able to establish the identify of this Officer through additional discovery, it will dismiss any unnecessary defendants, as appropriate. Please let us know your position on our motion to amend.

Best,
Jessie

_____

**Jessie Rossman**
Pronouns: she/her/hers

Managing Attorney
American Civil Liberties Union Foundation of Massachusetts
617.482.3170 x337 | jrossman@aclum.org
aclum.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*