# EXHIBIT I

**From:** Potkay, Christine
**To:** Bartlett, Wrenne; Randall Maas; Edward Whitesell
**Cc:** Jessie Rossman; Alexandra Arnold; Adriana Lafaille; DG-Cox
**Subject:** RE: Cox v. City of Boston et al, No. 1:22-cv-11009 - Discovery
**Date:** Wednesday, September 20, 2023 12:00:13 PM
**Attachments:** image001.png

Ted and Randall,

We wanted to circle back regarding outstanding discovery matters now that the Court has issued its updated scheduling order.

First, as we have previously flagged and as Jessie most recently raised again during last Thursday's deposition, we need the City to identify its 30(b)(6) witnesses and the days on which they are available to be deposed.  In order to ensure that each of these depositions can occur by the October 27th deadline, we would like to schedule a conversation for this Friday to lock in those dates. We are available 9-10 and 12:30-4:30.  Please let us know when you are available, or provide alternative availability for a discussion.

Second, we wanted to raise again our proposal that the parties agree to serve a set of up to 30 requests for admission per side, as originally provided for in the Court's scheduling order, to be served by not later than 30 days before the new close of fact discovery.  Please let us know if Defendants are amenable to this proposal.

Third, we have previously raised several outstanding issues relating to the written discovery responses, which are summarized for your reference below:

- Request No. 7 to the City seeks the production of documents concerning complaints alleging denial of medical care or treatment of a person held in BPD custody and records of the investigation and adjudication of those complaints since January 1, 2014.  The City indicated during the May 15, 2023 conference that it would perform a good faith inquiry of how it could go about obtaining and producing all citizen complaints alleging denial of medical care or treatment of persons held in BPD custody and any investigations arising from those complaints.  Please let us know the status of the City's investigation.

- Request No. 14 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to suspected and/or confirmed drug intoxication, over-intoxication, and/or overdose since January 1, 2014.  The City represented during the May 15, 2023 conference that it would produce information sufficient to show the number of times officers at District D-4 administered Narcan if that information was available to the City.  To that end, the City stated that it would investigate whether BPD is required to, and does, send reports to BSAS and/or DPH each time it administers Narcan.  Please let us know the status of the City's investigation.

- Request No. 15 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to illness, a medical condition, and/or injury since January 1, 2014. The City represented during the May 15

meeting that it would perform a good faith inquiry about producing CAD reports that document when an EMT was called to D4. Discovery has confirmed that evidence responsive to these Requests exists, as the City has already produced some "Boston EMS Run Call(s)" containing information for why EMS was called to D-4, though those documents only concerned Mr. Geigel and Mr. Stilphen.  Please confirm that the City is still willing to agree to produce such information for D4 calls.  The Estate is willing to meet and confer to potentially narrow the scope of the request to the time period immediately preceding Shayne's death and to the District D-4.

- Multiple BPD officers provided deposition testimony related to COB000261, a slide deck titled "Boston Police Nasal Narcan Training," which revealed that the document produced as COB000261 was, from time to time, updated or otherwise revised. Foley Depo Tr. at 84:13-22; McCabe Depo. Tr. at 86:9-87-4. We understand that we have now received more than one copy of this slide deck. Pursuant to Request Nos. 10 and 11, we ask that the City either confirm that it has now produced all versions of this slide deck that are within its custody and control, or if it has not yet done so, produce all outstanding versions.

- BPD officers provided testimony that COB000261 was used, among other things, as part of BPD's ongoing education series for Officers and that these presentations were associated with quizzes where Officers were tested for their comprehension of the material presented. McCabe Depo Tr. at 16:23-17:16; Chrispin Depo. Tr. at 52:15-20.  Although these quizzes are responsive to Request No. 11, they have not yet been produced.  Please confirm these will be produced as well.

Fourth, during Officer Bertocchi's deposition we became aware that attorney Ken Anderson communicated with at least Sergeant Detective Taxter at BPD in relation to Officer Bertocchi's form 26 report relating to the death of Shayne Stilphen.  We understood from our discussion at Officer Bertocchi's deposition that you would look into whether any written communications between Ken Anderson and Sergeant Detective Taxter exist, and if so, that you would produce them. Please let us know the status of your investigation and when we can expect to receive a production of responsive documents, if any.

Finally, we understand from our prior discussions that a privilege log is forthcoming.  So that we may have a meaningful chance to review, we would need to receive the log prior to the close of fact discovery.  Please let us know when we may expect to receive Defendants' privilege log.

Thank you,
Christine

---

**From:** Bartlett, Wrenne <WBartlett@goodwinlaw.com>
**Sent:** Wednesday, September 6, 2023 9:23 AM
**To:** Randall Maas <randall.maas@boston.gov>; Edward Whitesell <edward.whitesell@boston.gov>
**Cc:** Jessie Rossman <JRossman@aclum.org>; Alexandra Arnold <AArnold@aclum.org>; Adriana Lafaille <ALafaille@aclum.org>; DG-Cox <DG-Cox@goodwinlaw.com>
**Subject:** RE: Cox v. City of Boston et al, No. 1:22-cv-11009 - Discovery

Ted and Randall,

We wanted to follow up on the below correspondence given the limited time left in discovery to resolve outstanding issues.  We would like to resolve these issues as quickly as possible and are available to meet to discuss any of these issues if it would be helpful.

Relevant to the requests below, we understand that the IAPro materials responsive to Request nos. 3 and 4 have since been produced.  Additionally, we understand that additional documents relating to COB000261 have been produced but would just seek the City's confirmation that the City's production now includes all existing versions.

Thank you, Wrenne

**From:** Bartlett, Wrenne
**Sent:** Friday, August 18, 2023 11:11 AM
**To:** 'Randall Maas' <randall.maas@boston.gov>; Edward Whitesell <edward.whitesell@boston.gov>
**Cc:** Jessie Rossman <JRossman@aclum.org>; Alexandra Arnold <AArnold@aclum.org>; Adriana Lafaille <ALafaille@aclum.org>; DG-Cox <DG-Cox@goodwinlaw.com>
**Subject:** Cox v. City of Boston et al, No. 1:22-cv-11009 - Discovery

Ted and Randall,

With the quickly approaching fact discovery deadline, we wanted to follow up on a few outstanding issues, including those discussed at the parties' May 15, 2023, teleconference, as well as propose the possibility of some limited additional discovery.  We would like to resolve these issues as quickly as possible and are available to meet to discuss any of these issues if it would be helpful.  We note that we expect to produce additional documents responsive to Defendants' outstanding requests in advance of Ms. Cox's deposition at the end of this month.

First, we wanted to follow up on the following Requests, which the parties have previously discussed:

- Request No. 7 to the City seeks the production of documents concerning complaints alleging denial of medical care or treatment of a person held in Boston Police Department ("BPD") custody and records of the investigation and adjudication of those complaints since January 1, 2014.  The City indicated it would perform a good faith inquiry of how it could go about obtaining and producing all citizen complaints alleging denial of medical care or treatment of persons held in BPD custody and any investigations arising from those complaints.  Please let us know the status of the City's investigation.

- With respect to Request No. 13 to the City and Request No. 6 to Officers Almeida, Bertocchi, and Freire, we previously discussed the possibility of your clients entering into a stipulation rather than producing the requested documents. Additionally, we would request the same stipulation from Officers Marshall and Picarello.  We proposed the following language: "On July 14, 2019, Defendant [City/Almeida/Bertocchi/Freire] knew there was a high prevalence

of opioid use in the D4 District." Please let us know whether this is acceptable to Defendants.

- Request No. 14 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to suspected and/or confirmed drug intoxication, over-intoxication, and/or overdose since January 1, 2014. The City represented during the May 15, 2023 conference that it would produce information sufficient to show the number of times officers at District D-4 administered Narcan if that information was available to the City. To that end, the City stated that it would investigate whether BPD is required to, and does, send reports to BSAS and/or DPH each time it administers Narcan. Please let us know the status of the City's investigation.

- Request No. 15 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to illness, a medical condition, and/or injury since January 1, 2014. The City represented during the May 15 meeting that it would perform a good faith inquiry about producing CAD reports that document when an EMT was called to D4. Discovery has confirmed that evidence responsive to these Requests exists, as the City has already produced some "Boston EMS Run Call(s)" containing information for why EMS was called to D-4, though those documents only concerned Mr. Geigel and Mr. Stilphen. Please confirm that the City is still willing to agree to produce such information for D4 calls. The Estate is willing to meet and confer to potentially narrow the scope of the request to the time period immediately preceding Shayne's death and to the District D-4.

- With respect to Request No. 24 to the City, we previously discussed that the City would supplement its response to Request No. 24 to reflect that the City has stated that there is no method to search for complaints relating to clothing or property that was not returned to individuals in BPD custody.

- Request No. 25 to the City requests the production of BPD communications concerning substance use, intoxication, over-intoxication, and/or overdose since January 1, 2014. The Estate understood that the City had agreed to produce these communications. However, the City has not yet produced a single BPD communication relevant to the issues in this action outside certain communications related specifically to the cases of Shayne and Mr. Geigel's deaths. For instance, BPD Officer Matthew McCabe testified that the most common manner in which changes to BPD policy were communicated to BPD officers was through Special Orders of the Commissioner and email communications from the Commissioner. McCabe Depo. Tr. at 24-25:20-11, 77:20-23. Please let us know if we can expect to receive additional documents responsive to this Request and the anticipated timeline for the City's production.

- The City represented on June 28, 2023, that it was actively investigating the IAPro material, which is responsive to at least Request Nos. 3 and 4, but it is our understanding that the City has not yet produced any information as a result of that inquiry. Notably, in their depositions, both Sargeant Detective Schroeder and Deputy Superintendent Chrispin noted that the BPD's IAPro database would contain any notes, communications, dates, and documents regarding any IAD investigation. Schroeder Depo. Tr. at 36:15-37:24; Chrispin

Depo. Tr. at 93:15-94:4, 99:7-14.  Please let us know when we can expect to receive this production.

- With respect to Request Nos. 14 and 15 to Officers Almeida, Bertocchi, and Freire, we discussed supplementation to reflect that the Officers have stated that they do not have responsive records in their possession.  Please confirm that Officers Almeida, Bertocchi, and Freire will supplement their responses to these Requests.

Additionally, we wanted to raise two further issues relating to outstanding discovery:

- Multiple BPD officers provided deposition testimony related to COB000261, a slide deck titled "Boston Police Nasal Narcan Training," which revealed that the document produced as COB000261 was, from time to time, updated or otherwise revised. Foley Depo Tr. at 84:13-22; McCabe Depo. Tr. at 86:9-87-4. Pursuant to Request Nos. 10 and 11, please produce all versions of COB000261 in the City's custody or control or confirm that the City has done so.

- BPD officers also provided testimony that COB000261 was used, among other things, as part of BPD's ongoing education series for Officers and that these presentations were associated with quizzes where Officers were tested for their comprehension of the material presented. McCabe Depo Tr. at 16:23-17:16; Chrispin Depo. Tr. at 52:15-20.  Although these quizzes are responsive to Request No. 11, they have not yet been produced.  Please confirm these will be produced as well.

Second, given that a few new, discrete issues have arisen in the course discovery, we wanted to propose that the parties agree to an additional, targeted 5 requests for production, 5 interrogatories, and a set of 30 requests for admission per side, to be served by not later than 30 days before the close of fact discovery.  Please let us know if Defendants are amenable to this proposal or if it would be helpful to discuss.

Thank you,


**Wrenne Bartlett**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 917 229 7803
f  +1 212 202 4966
WBartlett@goodwinlaw.com