# EXHIBIT R

Scheduling the October 11 depositions and a 7.1 call for tomorrow

Jessie Rossman <JRossman@aclum.org>
Tue 10/3/2023 8:06 PM

To:Randall Maas <randall.maas@boston.gov>;edward.whitesell@boston.gov <edward.whitesell@boston.gov>

Cc:Valenti, Alexandra D <AValenti@goodwinlaw.com>;Potkay, Christine <CPotkay@goodwinlaw.com>;Bartlett, Wrenne <WBartlett@goodwinlaw.com>;Ginther, Matthew <MGinther@goodwinlaw.com>;Montes, Gabriella <GMontes@goodwinlaw.com>;Knight, Jeremy <JKnight@goodwinlaw.com>;Adriana Lafaille <ALafaille@aclum.org>;Isabel Burlingame <IBurlingame@aclum.org>;Kirsten Mayer <KMayer@aclum.org>;Jessie Rossman <JRossman@aclum.org>

Randall and Ted,

We are available to take the depositions of Lyndon and Higgins on the 11th. As you flagged in your email, we noted that you changed the language of a few of the 30b6 topics to which they will each testify. As to Lyndon, please confirm that the term "booking" will encompass cell checks as well as what occurs in the booking area itself (this matches the deposition testimony that cell checks are a part of the booking officer's responsibility). As to Higgins, please confirm that the phrase "members of the public with whom the police come in contact" will include people who are held in BPD custody in BPD police stations as well as people with whom the police come in contact on the street. Similarly, please confirm that Higgins will be able to testify to any policies, practices and training regarding opioids that is provided by the BPD.

We are also reaching out to discuss several outstanding discovery matters. We would like to schedule a 7.1 conference for tomorrow afternoon to discuss the items below, as if we are unable to reach an agreement on these matters by Friday, we will need to file a motion to compel to preserve our rights in light of the pending fact discovery deadline of October 27. We are available to speak between 2-4 tomorrow (Wednesday) -- please let us know if you are able to speak during this time frame, or if not, please propose alternative times.

With respect to outstanding individual fact witnesses and defendants, please provide us with potential dates for the continuation of Cpt. Sweeney's deposition and Officer Picarello's deposition -- which we understand will have to occur when he is back in the country -- before which time we will need to have Officer Picarello's interrogatory and RFP responses.

With respect to the outstanding 30b6 topics, we have narrowed our requests to the following:

- Topics 1(J), 3, 6: Regarding the investigations into in custody deaths (both in general and with respect to Geigel and Stilphen), please identify the witness(es) who have already testified that you will designate as 30b6 witness(es) for the purpose of these topics, and please identify a 30b6 witness who can testify to Geigel's homicide unit investigation (as no deponents has testified to this investigation thus far) and the dates on which they are available.

- Topics 7, 8 and 9: Please either provide the documentation that answers these respective topics, or identify deponents who can speak to these topics and the dates on which they are available.

- Topic 10: Please identify a deponent who can speak to this topic and the dates on which they are available.

- Topic 11 & 12: Please either provide confirmation that no one else spoke with the City or SCDAO regarding Geigel and Stilphen other than individuals who have already been deposed and that the City does not have methods for tracking, compiling or reviewing incidents of in custody death and

- illness, or identify deponents who can speak to these topics and the dates on which they are available.

- Topic 20: Please either confirm that the City will stipulate to the authenticity of the documents its produced or identify a deponent who can speak to this topic and the dates on which they are available.

With respect to our outstanding document requests, we have narrowed our requests to the following:

- Request No. 7 to the City seeks the production of documents concerning complaints alleging denial of medical care or treatment of a person held in BPD custody and records of the investigation and adjudication of those complaints since January 1, 2014.  The City indicated during the May 15, 2023 conference that it would perform a good faith inquiry of how it could go about obtaining and producing all citizen complaints alleging denial of medical care or treatment of persons held in BPD custody and any investigations arising from those complaints.  Please either produce all citizen complaints alleging denial of medical care or treatment of persons held in BPD custody and any investigations arising from those complaints, between July 14, 2017 and July 14, 2019, or stipulate that the City does not retain these documents.

- Request No. 14 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to suspected and/or confirmed drug intoxication, over-intoxication, and/or overdose since January 1, 2014.  The City represented during the May 15, 2023 conference that it would produce information sufficient to show the number of times officers at District D-4 administered Narcan if that information was available to the City.  To that end, the City stated that it would investigate whether BPD is required to, and does, send reports to BSAS and/or DPH each time it administers Narcan.  Please either produce all such reports, between July 14, 2017 and July 14, 2019, or stipulate that the City does not retain these documents.

- Request No. 15 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to illness, a medical condition, and/or injury since January 1, 2014. The City represented during the May 15 meeting that it would perform a good faith inquiry about producing CAD reports that document when an EMT was called to D4. Discovery has confirmed that evidence responsive to these Requests exists, as the City has already produced some "Boston EMS Run Call(s)" containing information for why EMS was called to D-4, though those documents only concerned Mr. Geigel and Mr. Stilphen. Please produce all such documents for D4 calls between July 14, 2017 and July 14, 2019.

- BPD officers provided testimony that COB000261 was used, among other things, as part of BPD's ongoing education series for Officers and that these presentations were associated with quizzes where Officers were tested for their comprehension of the material presented. McCabe Depo Tr. at 16:23-17:16; Chrispin Depo. Tr. at 52:15-20.  Although these quizzes are responsive to Request No. 11, they have not yet been produced.  Please produce these quizzes.

Finally, during Officer Bertocchi's deposition we became aware that attorney Ken Anderson communicated with at least Sergeant Detective Taxter at BPD in relation to Officer Bertocchi's form 26 report relating to the death of Shayne Stilphen.  We understood from our discussion at Officer Bertocchi's deposition that you would look into whether any written communications between Ken Anderson and Sergeant Detective Taxter exist, and if so, that you would produce them. Please either produce the responsive documents or confirm that no such documents exist.

Best,
Jessie

_____

**Jessie Rossman**

Pronouns: she/her/hers

Managing Attorney

American Civil Liberties Union Foundation of Massachusetts

617.482.3170 x337 | jrossman@aclum.org

aclum.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*