# EXHIBIT S

| | |
|---|---|
| **From:** | Edward Whitesell |
| **To:** | Jessie Rossman |
| **Cc:** | Randall Maas; Valenti, Alexandra D; Potkay, Christine; Bartlett, Wrenne; Ginther, Matthew; Montes, Gabriella; Knight, Jeremy; Adriana Lafaille; Isabel Burlingame; Kirsten Mayer |
| **Subject:** | Re: Scheduling the October 11 depositions and a 7.1 call for tomorrow |
| **Date:** | Thursday, October 5, 2023 4:41:13 PM |

***EXTERNAL***

Jessie, we can cover the remainder of the topics during the call, but I think we are able to address a few of the issues in your email now.

1.  The testimony of Lydon and Higgins will cover the areas you identify in the first paragraph.  I would note that while Higgins will be able to testify regarding BPD policies, practices and training regarding opioids, he himself is not a policymaker.

2.  With respect to the fourth bullet under documents, Higgins informs us that there are no quizzes for Narcan training.  There are quizzes for CPR training which were produced.  That may be the source of any confusion in the testimony.  You can confirm that with him on the record next week.

3.  With respect to the last paragraph, Taxter had no recollection of a conversation with Ken Anderson regarding Bertocchi's lack of a Form 26.  He searched his email and found no written correspondence from Anderson on that issue.

4.  With respect to the third document bullet point, you reference Boston EMS Run Calls.  Boston EMS falls under BPHC.  Despite their names, these are not City departments.  BPHC is a state statutory creation and not a City department.  I suspect that the Boston EMS reports were collected by one or more of the investigators for Stilphen and Geigel, which is why BPD produced those reports.  You would have to send a subpoena to BPHC for those reports, and I suspect there may be HIPAA issues.  We are trying to get BPD to confirm that they can identify EMS calls to D-4 through BPD's own CAD system.

5.  With respect to the first document bullet point about complaints about alleged denials of medical care, IA ran a search under Rule 318 s. 3, and only two complaints arising from the Stilphen incident existed (we will provide a spreadsheet from IA).  In Copeland, the Rule was 102, s. 4 for neglect of duty.  As you can see from the language of the rule, this is a broad catchall with no good way to narrow it to medical.  IAD is working on determining whether they have the capability to run a search to identify those complaints by term searches rather than rule number, which is traditionally how it is done.

6.  We are meeting with Picarello tomorrow and expect him to sign the interrogatories.  We also have his personnel and IAD files, which are being reviewed by us and I am told they should be ready to be produced by the middle of next week.  We will have available dates for his deposition by the time of the call.

7.  I followed up with Cpt. Sweeney and hope to have dates for his deposition by tomorrow's call.

8.  With respect to in-custody deaths, we would draw your attention to this link.

https://dashboard.boston.gov/t/Guest_Access_Enabled/views/BPDInCustodyDeaths/Dashboard?%3Adisplay_count=n&%3AisGuestRedirectFromVizportal=y&%3Aorigin=viz_share_link&%3AshowAppBanner=false&%3AshowVizHome=n

In addition to the ones that have already been identified as having led to complaints regarding medical care, there is a fourth that resulted in a lawsuit out of C-6 for which we will produce records.

The remaining issues we will touch base on during the call.

Thanks,
Ted

**Edward F. Whitesell, Jr.**
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045
edward.whitesell@boston.gov

The information contained in this electronic transmission ("e-mail"), including any attachment (the "Information"), may be confidential or otherwise exempt from disclosure.  It is for the addressee only.  **This information may be privileged and confidential attorney work-product or a privileged and confidential attorney-client communication.**  The Information may also be deliberative and pre-decisional in nature.  As such, it is for internal use only.  The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston.  If you have received this e-mail by mistake, please notify the sender and delete it from your system.  Please do not copy or forward it.  Thank you for your cooperation.

On Thu, Oct 5, 2023 at 1:21 PM Jessie Rossman <JRossman@aclum.org> wrote:
> Thanks Randall, we are able to do a call tomorrow at noon, and will circulate a zoom shortly. As we noted on Tuesday, if we are unable to reach an agreement on these matters by tomorrow, we will need to file a motion to compel to preserve our rights in light of the pending fact discovery deadline of October 27.
>
> With respect to the October 11th depositions, we would like to begin at 9am given that there will be two deponents. Would Officer Higgins be able to begin at that time? I anticipate we could then start with Officer Lyndon sometime between 1 and 2.
>
> Best,
> Jessie

**From:** Randall Maas <randall.maas@boston.gov>
**Sent:** Thursday, October 5, 2023 12:12 PM
**To:** Jessie Rossman <JRossman@aclum.org>
**Cc:** Edward Whitesell <edward.whitesell@boston.gov>; Valenti, Alexandra D <AValenti@goodwinlaw.com>; Potkay, Christine <CPotkay@goodwinlaw.com>; Bartlett, Wrenne <WBartlett@goodwinlaw.com>; Ginther, Matthew <MGinther@goodwinlaw.com>; Montes, Gabriella <GMontes@goodwinlaw.com>; Knight, Jeremy <JKnight@goodwinlaw.com>; Adriana Lafaille <ALafaille@aclum.org>; Isabel Burlingame <IBurlingame@aclum.org>; Kirsten Mayer <KMayer@aclum.org>
**Subject:** Re: Scheduling the October 11 depositions and a 7.1 call for tomorrow

Jessie - can we do Friday at noon?

Randall

On Thu, Oct 5, 2023 at 10:07 AM Jessie Rossman <JRossman@aclum.org> wrote:
> Good morning, Ted and Randall - I am following up to ask for proposed times to discuss the matters listed below. Please let us know.
>
> Best,
> Jessie

**From:** Edward Whitesell <edward.whitesell@boston.gov>
**Sent:** Tuesday, October 3, 2023 9:05 PM
**To:** Jessie Rossman <JRossman@aclum.org>
**Cc:** Randall Maas <randall.maas@boston.gov>; Valenti, Alexandra D <AValenti@goodwinlaw.com>; Potkay, Christine <CPotkay@goodwinlaw.com>; Bartlett, Wrenne <WBartlett@goodwinlaw.com>; Ginther, Matthew <MGinther@goodwinlaw.com>; Montes, Gabriella <GMontes@goodwinlaw.com>; Knight, Jeremy <JKnight@goodwinlaw.com>; Adriana Lafaille <ALafaille@aclum.org>; Isabel Burlingame <IBurlingame@aclum.org>; Kirsten Mayer <KMayer@aclum.org>
**Subject:** Re: Scheduling the October 11 depositions and a 7.1 call for tomorrow

I knew what you meant. I'll check how Thursday and Friday look.

On Tue, Oct 3, 2023, 9:05 PM Jessie Rossman <JRossman@aclum.org> wrote:
Apologies, I meant to say please let us know your availability on Thursday for a 7.1 in light of you deposition tomorrow.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Jessie Rossman <JRossman@aclum.org>
**Sent:** Tuesday, October 3, 2023 8:41:59 PM
**To:** Edward Whitesell <edward.whitesell@boston.gov>
**Cc:** Randall Maas <randall.maas@boston.gov>; Valenti, Alexandra D <AValenti@goodwinlaw.com>; Potkay, Christine <CPotkay@goodwinlaw.com>; Bartlett, Wrenne <WBartlett@goodwinlaw.com>; Ginther, Matthew <MGinther@goodwinlaw.com>; Montes, Gabriella <GMontes@goodwinlaw.com>; Knight, Jeremy <JKnight@goodwinlaw.com>; Adriana Lafaille <ALafaille@aclum.org>; Isabel Burlingame <IBurlingame@aclum.org>; Kirsten Mayer <KMayer@aclum.org>
**Subject:** Re: Scheduling the October 11 depositions and a 7.1 call for tomorrow

Thanks Ted,

Please let us know the times you are available on Wednesday for a 7.1. We had already flagged the outstanding document matters and the identification of 30b6 witnesses previously, and therefore anticipate and hope that the BPD can quickly provide responses this week.

Best,
Jessie

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Edward Whitesell <edward.whitesell@boston.gov>
**Sent:** Tuesday, October 3, 2023 8:18:36 PM
**To:** Jessie Rossman <JRossman@aclum.org>
**Cc:** Randall Maas <randall.maas@boston.gov>; Valenti, Alexandra D <AValenti@goodwinlaw.com>; Potkay, Christine <CPotkay@goodwinlaw.com>; Bartlett, Wrenne <WBartlett@goodwinlaw.com>; Ginther, Matthew <MGinther@goodwinlaw.com>; Montes, Gabriella <GMontes@goodwinlaw.com>; Knight, Jeremy <JKnight@goodwinlaw.com>; Adriana Lafaille <ALafaille@aclum.org>; Isabel Burlingame <IBurlingame@aclum.org>; Kirsten Mayer <KMayer@aclum.org>
**Subject:** Re: Scheduling the October 11 depositions and a 7.1 call for tomorrow

Lydon will cover all aspects of training for booking, including cell checks. Randall may be better able to answer the Higgins question.

On the other stuff we will have to get back to you after we follow up with BPD.

I can't do a 7.1 tomorrow, I have a deposition in a different case.

On Tue, Oct 3, 2023, 8:06 PM Jessie Rossman <JRossman@aclum.org> wrote:
Randall and Ted,

We are available to take the depositions of Lyndon and Higgins on the 11th. As you flagged in your email, we noted that you changed the language of a few of the 30b6 topics to which they will each testify. As to Lyndon, please confirm that the term "booking" will encompass cell checks as well as what occurs in the booking area itself (this matches the deposition testimony that cell checks are a part of the booking officer's responsibility). As to Higgins, please confirm that the phrase "members of the public with whom the police come in contact" will include people who are held in BPD custody in BPD police stations as well as people with whom the police come in contact on the street. Similarly, please confirm that Higgins will be able to testify to any policies, practices and training regarding opioids that is provided by the BPD.

We are also reaching out to discuss several outstanding discovery matters. We would like to schedule a 7.1 conference for tomorrow afternoon to discuss the items below, as if we are unable to reach an agreement on these matters by Friday, we will need to file a motion to compel to preserve our rights in light of the pending fact discovery deadline of October 27. We are available to speak between 2-4 tomorrow (Wednesday) -- please let us know if you are able to speak during this time frame, or if not, please propose alternative times.

With respect to outstanding individual fact witnesses and defendants, please provide us with potential dates for the continuation of Cpt. Sweeney's deposition and Officer Picarello's deposition -- which we understand will have to occur when he is in the country -- before which time we will need to have Officer Picarello's interrogatory and RFP responses.

With respect to the outstanding 30b6 topics, we have narrowed our requests to the following:

- Topics 1(J), 3, 6: Regarding the investigations into in custody deaths (both in general and with respect to Geigel and Stilphen), please identify the witness(es) who have already testified that you will designate as 30b6 witness(es) for the purpose of these topics, and please identify a 30b6 witness who can testify to Geigel's homicide unit investigation (as no deponents has testified to this investigation thus far) and the dates on which they are available.

- Topics 7, 8 and 9: Please either provide the documentation that answers these respective topics, or identify deponents who can speak to these topics and the dates on which they are available.

- Topic 10: Please identify a deponent who can speak to this topic and the dates on which they are available.

- Topic 11 & 12: Please either provide confirmation that no one else spoke with the City or SCDAO regarding Geigel and Stilphen other than individuals who have already been deposed and that the City does not have methods for tracking, compiling or reviewing incidents of in custody death and illness, or identify deponents who can speak to these topics and the dates on which they are available.

- Topic 20: Please either confirm that the City will stipulate to the authenticity of the documents its produced or identify a deponent who can speak to this topic and the dates on which they are available.

With respect to our outstanding document requests, we have narrowed our requests to the following:

- Request No. 7 to the City seeks the production of documents concerning complaints alleging denial of medical care or treatment of a person held in BPD custody and records of the investigation and adjudication of those complaints since January 1, 2014.  The City indicated during the May 15, 2023 conference that it would perform a good faith inquiry of how it could go about obtaining and producing all citizen complaints alleging denial of medical care or treatment of persons held in BPD custody and any investigations arising from those complaints.  Please either produce all citizen complaints alleging denial of medical care or treatment of persons held in BPD custody and any investigations arising from those complaints, between July 14, 2017 and July 14, 2019, or stipulate that the City does not retain these documents.

- Request No. 14 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to suspected and/or confirmed drug intoxication, over-intoxication, and/or overdose since January 1, 2014.  The City represented during the May 15, 2023 conference that it would produce information sufficient to show the number of times officers at District D-4 administered Narcan if that information was available to the City.  To that end, the City stated that it would investigate whether BPD is required to, and does, send reports to BSAS and/or DPH each time it administers Narcan.  Please either produce all such reports, between July 14, 2017 and July 14, 2019, or stipulate that the City does not retain these documents.

- Request No. 15 to the City seeks the production of documents sufficient to show the number of people in BPD custody requiring treatment or medical care due to illness, a medical condition, and/or injury since January 1, 2014. The City represented during the May 15 meeting that it would perform a good faith inquiry about producing CAD reports that document when an EMT was called to D4. Discovery has confirmed that evidence responsive to these Requests exists, as the City has already produced some "Boston EMS Run Call(s)" containing information for why EMS was called to D-4, though those documents only concerned Mr. Geigel and Mr. Stilphen. Please produce all such documents for D4 calls between July 14, 2017 and July 14, 2019.

- BPD officers provided testimony that COB000261 was used, among other things, as part of BPD's ongoing education series for Officers and that these presentations were associated with quizzes where Officers were tested for their comprehension of the material presented. McCabe Depo Tr. at 16:23-17:16; Chrispin Depo. Tr. at 52:15-20.  Although these quizzes are responsive to Request No. 11, they have not yet been produced.  Please produce these quizzes.

Finally, during Officer Bertocchi's deposition we became aware that attorney Ken Anderson communicated with at least Sergeant Detective Taxter at BPD in relation to Officer Bertocchi's form 26 report relating to the death of Shayne Stilphen.  We understood from our discussion at Officer Bertocchi's deposition that you would look into whether any written communications between Ken Anderson and Sergeant Detective Taxter exist, and if so, that you would produce them. Please either produce the responsive documents or confirm that no such documents exist.

Best,
Jessie

_____

**Jessie Rossman**

Pronouns: she/her/hers

Managing Attorney

American Civil Liberties Union Foundation of Massachusetts

617.482.3170 x337 | jrossman@aclum.org

aclum.org

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

This email and its attachments are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, proprietary, or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying, or in any way using this message. If you have received this communication in error, please immediately notify the sender and delete this communication, any attachments, and all copies from your system and records.

This email and its attachments are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, proprietary, or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying, or in any way using this message. If you have received this communication in error, please immediately notify the sender and delete this communication, any attachments, and all copies from your system and records.

This email and its attachments are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, proprietary, or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying, or in any way using this message. If you have received this communication in error, please immediately notify the sender and delete this communication, any attachments, and all copies from your system and records.

This email and its attachments are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, proprietary, or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying, or in any way using this message. If you have received this communication in error, please immediately notify the sender and delete this communication, any attachments, and all copies from your system and records.