## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-11009-RGS

LYNNEL COX, as Administrator of the
Estate of Shayne R. Stilphen,

                Plaintiff,

v.

ISMAEL ALMEIDA, PAULMICHAEL
BERTOCCHI, CATIA FREIRE and BRIAN
PICARELLO,

                Defendants.

## THE BPD OFFICERS' MOTION IN LIMINE TO PRECLUDE TESTIMONY OF OFFICER PATRICK E. HIGGINS REGARDING BOSTON POLICE ACADEMY TRAINING ON RESPONDING TO INTOXICATION AND OVERDOSE AND TO EXCLUDE TRAINING MATERIALS REGARDING SAME

Defendants Ismael Almeida, Paulmichael Bertocchi, Catia Freire and Brian Picarello (the "BPD Officers") to preclude the testimony of Officer Patrick E. Higgins, a witness designated by the City of Boston (the "City") to testify as a Rule 30(b)(6) witness on topics related to: (1) training of police officers on intoxication, overdoses, CPR, and Narcan; (2) Boston Police Department ("BPD") policies regarding those topics; (3) the BPD Officers' training histories on those topics; (4) BPD's knowledge of the opioid crises and Mass and Cass; and (5) discussions of any BPD decisions attempting to mitigate in-custody illness or deaths from opioids and other drug use. The BPD Officers also seek to exclude the materials used by BPD and Officer Higgins in connection with this training. Officer Higgins' testimony on these issues bears on the issues raised by the *Monell* claim against the City that challenges the adequacy of the training that members of BPD receive on responding to overdoses and interacting with intoxicated individuals. However, this case has been bifurcated for trial. Officer Higgins' testimony on training has no bearing on

whether the BPD Officers were deliberately indifferent to Shayne Stilphen's serious medical need on July 14, 2019, or acted unlawfully or willfully and wantonly in causing his death.  It bears only on whether they were adequately trained, a *Monell* issue.

To prove deliberate indifference, the plaintiff must show that the BPD Officers were deliberately indifferent to the serious medical need of Stilphen.  *Henry v. Hodoson*, 2018 WL 6045250, at *4 (D. Mass., Nov. 19, 2018) (Stearns, J.) (quoting the Eighth Amendment decision in *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014), in a pretrial detainment case).  A "serious medical need is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 74 (1st Cir. 2016) (police).  The jury must be able to conclude that the BPD Officers were aware of a "substantial risk of serious harm based on the fact that the risk was obvious."  *Id*.

Presumably, the fact that the Plaintiff continues to press the *Monell* claim means that she intends to challenge whether BPD's training on the issues covered by Higgins (as well as Lydon's booking training) were adequate, particularly following the prior in-custody overdose death of Cristhian Geigel.   It is unclear how allegedly inadequate training is probative of whether the BPD Officers knew that Stilphen had a serious medical need on the night of his death and were deliberately indifferent to it.  The issue in this, the first of two trials in this bifurcated case, is not whether the officers received adequate training but rather – ***with or without training*** – they were aware of an obvious medical need that a lay person would recognize and did nothing to address it. Officer Higgins' testimony is prejudicial to the BPD Officers and will likely cause juror confusion over the relevant standard – there is a real threat that a juror may impose a heightened standard for (allegedly poorly) trained police officers that goes beyond the requirement that there be a doctor's

diagnosis or an obvious need that a ***lay person*** would recognize.  *See Miranda-Rivera*, 813 F.3d at 74 (police).  Higgins' testimony on training and the associated training materials do not meet the requirements of Fed. R. Evid. 403.

**WHEREFORE**, the BPD Officers respectfully request that this Honorable Court grant their motion, preclude the testimony of Officer Higgins on BPD training and the training materials used for that training, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE and BRIAN PICARELLO**
By their attorneys:

ADAM CEDERBAUM
Corporation Counsel

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Randall Maas (BBO# 684832)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4045 (Whitesell)
(617) 635-4042 (Maas)
edward.whitesell@boston.gov
Dated:  July 29, 2024                    randall.maas@boston.gov

### Certificate of Compliance with Local Rule 7.1(a)(2)

I, Edward F. Whitesell, Jr., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties met and conferred by telephone on July 26, 2024 and attempted in good faith to resolve or narrow the issues raised by this motion but were unable to do so.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.

3

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on July 29, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to any non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.