UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNNEL COX, as administrator of the Estate of Shayne R. Stilphen,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, and BRIAN PICARELLO,<br><br>Defendants. | Civil Action No. 1:22-cv-11009-RGS |

## PLAINTIFF'S MIL NO. 7: MOTION TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO IRRELEVANT TEXT MESSAGES

The Estate respectfully requests that the Court preclude Defendants or their witnesses from introducing any evidence, proffering any argument, or making any comments regarding irrelevant, personal, and sensitive text messages between Ms. Cox and her daughters in text messages produced by the Plaintiff.

Several text messages produced by the Plaintiff contain discussions of personal issues of Ms. Cox and her daughters, that were irrelevant to Shayne or any facts at issue. Plaintiff produced these messages in order to comply with Defendants' broad discovery requests and included certain irrelevant portions merely to provide context.[1] However, these messages are entirely irrelevant to Shayne or to any facts at issue in this case. Some of the messages appear to be about Shayne but are not, as Ms. Cox clarified at her deposition. *See, e.g.*, Ex. 1 (Cox Dep. Tr.) 50:6-23; 113:17-20;

---

[1] Plaintiff did redact a number of text message exchanges, where it was clear the conversation was related to health matters or other private discussions that did not involve Shayne.

126:13-24. The rest of the messages involve discussions between Ms. Cox and her daughters involving private matters that did not include Shayne, such as their performance in school, dating life, or finances. "Evidence which is not relevant is not admissible," *Kenney v. Head*, 670 F.3d 354, 358 (1st Cir. 2012), which is particularly true where the evidence is personal in nature. *United States v. Butt*, 955 F.2d 77, 84 (1st Cir. 1992) (affirming trial court's decision to exclude "personal and potentially stigmatizing" evidence of witness); *United States v. Gorski*, No. 12-10338-FDS, 2016 WL 2993612, at *2 (D. Mass. May 23, 2016) (granting motion in limine where evidence of underlying disability was not relevant). Defendants should not be able to introduce the irrelevant portions of these exhibits, particularly where the only discernable purpose would be to harass, embarrass, and annoy Plaintiff and her witnesses.

For these reasons, the Court should exclude the following exhibits or portions of those exhibits. Copies in which the proposed exclusions are highlighted are provided herewith for the Court's reference:

- Ex. 2 (STILPHEN_0003069-STILPHEN_0003075): Exclude texts before 2:27 PM at "Shayne just called" and after 5:08 PM at "Bring him to the detox";

- Ex. 3 (STILPHEN_0003084-STILPHEN_0003092);

- Ex. 4 (STILPHEN_0003093-STILPHEN_0003101): Exclude texts before 11:57 PM at "Oh one more thing" and after 12:00 AM at "Oh no i know that";

- Ex. 5 (STILPHEN_0003104-STILPHEN_0003106): Exclude texts before 10:06 PM at "Shayne is coming here" and after 10:21 PM at "relax";

- Ex. 6 (STILPHEN_0003107-STILPHEN_0003112);

- Ex. 7 (STILPHEN_0003113-STILPHEN_0003115): Exclude texts before 10:44 AM at "Not but Shayne is having a hard time";

- Ex. 8 (STILPHEN_0003124-STILPHEN_0003125);

- Ex. 9 (STILPHEN_0003126-STILPHEN_0003134): Exclude texts before 12:26 AM at "How is Shayne" and after 12:35 AM at "He love you too, very much";

- Ex. 10 (STILPHEN_0003138-STILPHEN_0003139);

- Ex. 11 (STILPHEN_0003140-STILPHEN_0003143): Exclude texts after 1:06 AM at "Or it happens within a short period of time";

- Ex. 12 (STILPHEN_0003177-STILPHEN_0003178);

- Ex. 13 (STILPHEN_0003179-STILPHEN_0003182);

- Ex. 14 (STILPHEN_0003185-STILPHEN_0003187): Exclude texts before 5:11 PM at "Wanna go to the gym?";

- Ex. 15 (STILPHEN_0003191-STILPHEN_0003198): Exclude texts before 11:53 AM at "I knew shayne was gonna do this" and after 11:54 AM at "No";

- Ex. 16 (STILPHEN_0003199-STILPHEN_0003206): Exclude texts before 12:11 AM at "Yes and shayne just left" and after 1:29 PM at "Never";

- Ex. 17 (STILPHEN_0003209-STILPHEN_0003211): Exclude texts after 10:18 AM at "Oh that's good";

- Ex. 18 (STILPHEN_0003212-STILPHEN_0003214): Exclude texts before 12:55 PM at "Call your brother" and after 1:40 PM at "Call me";

- Ex. 19 (STILPHEN_0003219-STILPHEN_0003225);

- Ex. 20 (STILPHEN_0003226-STILPHEN_0003232);

- Ex. 21 (STILPHEN_0003233-STILPHEN_0003234): Exclude texts after 8:03 AM at "Love you so much!"

- Ex. 22 (STILPHEN_0003235-STILPHEN_0003240): Exclude texts before 5:44 PM at "I think I got your brother a bed" and after 5:51 PM "Idk why ur going off about it";

- Ex. 23 (STILPHEN_0003248-STILPHEN_0003251);

- Ex. 24 (STILPHEN_0003254-STILPHEN_0003265): Exclude all texts except those between 9:54 AM at "Be very nice when you talk to them" and before 11:00 AM at "He did"; texts between 11:25 AM at "When you get there go up on the platform" and 1:01 PM at "Ok"; texts after 6:27 PM at "I need to relax".

- Ex. 25 (STILPHEN_0003266-STILPHEN_0003268)

- Ex. 26 (STILPHEN_0003271-STILPHEN_0003275): Exclude texts after 3:22 PM at "Let go of the anxiety".

- Ex. 27 (STILPHEN_0003278-STILPHEN_0003282): Exclude texts before 6:00 PM at "Just saw cait and shanye bought them some food";

- Ex. 28 (STILPHEN_0003288-STILPHEN_0003292): Exclude texts before 11:08AM at "Idk what ur issue is" and after 11:08 AM at "Idk why you would be walking around looking for him"; and

- Ex. 29 (STILPHEN_0003293-STILPHEN_0003296).

Dated: July 29, 2024                                    Respectfully submitted,

/s/ Robert Frederickson III
Robert Frederickson III (BBO #670111)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1000
rfrederickson@goodwinlaw.com

Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO #680210)
Isabel Burlingame (BBO #710027)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
Tel.: (617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
iburlingame@aclum.org

Alexandra D. Valenti* (*Pro hac vice*)
Christine Potkay* (*Pro hac vice*)
Gabriella Montes* (*Pro hac vice*)
Wrenne Bartlett* (*Pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 459-7351
avalenti@goodwinlaw.com
cpotkay@goodwinlaw.com
gmontes@goodwinlaw.com

Matthew Ginther* (*Pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
mginther@goodwinlaw.com

*Attorneys for Plaintiff Lynnel Cox, as administrator of the estate of Shayne R. Stilphen*

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiff conferred with counsel for Defendants about the above motion on July 26, 2024, and the conference failed to resolve the disputes at issue.

                                                    */s/ Robert Frederickson III*
                                                    Robert Frederickson III

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent via the CM/ECF system electronically to all counsel of record.

                                                    */s/ Robert Frederickson III*
                                                   Robert Frederickson III