**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LYNNEL COX, as administrator of the estate of Shayne R. Stilphen, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:22-cv-11009-RGS |
| CITY OF BOSTON, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI, CATIA FREIRE, and BRIAN PICARELLO. | * * * * | |
| Defendants. | * * | |

**BENCH BRIEF CONCERNING EVIDENCE RELATED TO DEATH OF CHRISTHIAN GEIGEL AND PLAINTIFF'S PROFFER OF SAME**

On July 30, 2024, this Court ruled that Plaintiff "may introduce evidence regarding the Geigel incident . . . to show the knowledge of Officers Almeida and Bertocchi." [ECF No. 159]. Since this Court's ruling, Defendants have informed Plaintiff that their reading of the Court's ruling is substantially narrower than Plaintiff's, such that Plaintiff may only introduce the fact of Mr. Geigel's death and Defendants' awareness thereof, nothing else. The parties have met and conferred on this issue and have determined that they are at an impasse. On August 11, the parties identified this impasse for the Court and the Court directed that it would address the admissibility of any evidence related to Mr. Geigel through live objections. In consideration of the Court and the Parties' shared interest in minimizing disruption to the jury, Plaintiff respectfully submits this proffer of evidence that she intends to elicit from Defendants Almeida and Bertocchi and Officer Sean Doolan as it relates to this topic. Plaintiff's proffer conforms with her understanding of the Court's Order [ECF No. 159].

Plaintiff intends to ask Officer Almeida regarding the extent to which he was involved in the Geigel incident, including the fact that he performed cell checks that night, and his knowledge

of Mr. Geigel's death.  As part of this examination, Plaintiff intends to seek admission of and have Officer Almeida testify regarding two exhibits:  (1) Ex. C, BPD's Prisoner Inspection Record for Mr. Geigel, which shows the number of cell checks for which Officer Almeida was responsible, and (2) Ex. AA, a video file showing Officer Almeida's cell checks and Mr. Geigel's condition at the time of those cell checks.  All of this evidence, given that it is direct evidence of Officer Almeida's involvement in and knowledge of the Geigel incident, is offered to show his knowledge, consistent with the Court's order.

With respect to Officer Bertocchi, Plaintiff intends to ask about Officer Bertocchi's knowledge of Mr. Geigel's death, how he came by that knowledge, and to what extent information about the Geigel incident was disseminated to officers within BPD District D-4.  This information is both direct evidence of Officer Bertocchi's own knowledge, as well as evidence of Officer Almeida's knowledge as an officer within the D-4 station who received such communications.

Lastly, Plaintiff intends to similarly ask Officer Doolan about his knowledge of Mr. Geigel's death, how he came by that knowledge, and to what extent this information was disseminated throughout the station.  This is evidence of Officer Bertocchi's and Officer Almeida's knowledge of the incident, as officers within D-4 who received such communications.  In addition, Officer Doolan's own knowledge of the Geigel incident is relevant to show that his state of mind was similar to the Defendants' when he came upon Shayne in his cell at approximately 5:50 a.m. on July 14, 2019 and took steps to intervene.[1]

---

[1] Defendants also object to Ex. E and Ex. DD, two emails from Officer Doolan to himself that constitute Officer Doolan's official reports of the Geigel incident.  Although these exhibits are admissible for the same reasons stated herein, Plaintiff has no present intention of offering them for admission at trial.

As for Exhibit CC, Mr. Geigel's autopsy report, to which Defendants also object, Plaintiff understands that none of Officers Bertocchi, Almeida, or Doolan had seen such document and therefore there is no foundation to ask these witnesses about it.  Unless Defendants inform Plaintiff or these witnesses testify otherwise, Plaintiff agrees that such evidence does not go to any relevant state of mind and would therefore not seek admission of such exhibit at trial.

As shown, these exhibits and testimony will only be used in relation to Officers Almeida and Doolan's knowledge of Mr. Geigel's death.  As Plaintiff has made clear during conferrals with counsel for Defendants, Plaintiff is amenable to *any* reasonable limiting instruction that Defendants may propose to ensure that the jury understands that evidence concerning the Geigel incident is *only* relevant to Defendants' state of mind and is not to be used as evidence of Defendants' character or that Defendants acted in accordance with that character on the night of Shayne's death.

Respectfully submitted,

3

/s/ *Robert Frederickson III*
Robert Frederickson III (BBO #670111)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1000
rfrederickson@goodwinlaw.com

Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO #680210)
Isabel Burlingame (BBO #710027)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
Tel.: (617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
iburlingame@aclum.org

Alexandra D. Valenti* (*Pro hac vice*)
Christine Potkay* (*Pro hac vice*)
Gabriella Montes* (*Pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 459-7351
avalenti@goodwinlaw.com
cpotkay@goodwinlaw.com
gmontes@goodwinlaw.com

Matthew Ginther* (*Pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
mginther@goodwinlaw.com

*Attorneys for Plaintiff Lynnel Cox,*
*as administrator of the estate of*
*Shayne R. Stilphen*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2024, I served the foregoing document on all parties by filing it via the Court's CM/ECF system and that a copy will be sent via the CM/ECF system electronically to all counsel of record.

*/s/   Robert Frederickson III*

Dated: August 13, 2024