```
              UNITED STATES DISTRICT
             DISTRICT OF MASSACHUSETTS


LYNNEL COX, AS ADMINISTRATOR OF   )
THE ESTATE OF SHAYNE R. STILPHEN, )
        Plaintiff,                )
        vs                        )  No. 1-22-CV-11009
CITY OF BOSTON, ET AL,            )
        Defendants.               )


       BEFORE THE HONORABLE RICHARD G. STEARNS
            UNITED STATES DISTRICT JUDGE
                 STATUS CONFERENCE



    John Joseph Moakley United States Courthouse
              Courtroom No. 21
              One Courthouse Way
         Boston, Massachusetts  02210

              TUESDAY, JUNE 18, 2024
                   10:00 A.M.




         Catherine L. Zelinski, RPR, CRC
              Official Court Reporter
  John Joseph Moakley United States Courthouse
        One Courthouse Way, Room 7-205
          Boston, Massachusetts  02210
       Email: CAL.Zelinski.Steno@gmail.com



      Mechanical Steno - Computer-Aided Transcript
```

Case 1:22-cv-11009-RGS   Document 198-1   Filed 09/30/24   Page 2 of 3

7

```
 1      about one versus two weeks needed for trial.  Based on our
 2      current estimate, we anticipate calling 17 trial witnesses in
 3      our case-in-chief, and maybe a handful of those would not be
 4      called in the second trial where the case bifurcated.  So I do,
 5      I just want to note that we do anticipate needing more than one
 6      week, even in the situation where the case is bifurcated.  And
 7      on the point about the sensibility of bifurcation, in this
 8      case, our opposition to the motion is due this coming Monday,
 9      but I would note in particular that there is an ADA claim
10      against the City here, that relies on the same record evidence
11      as the evidence underlying the 1983 and wrongful death claims.
12      And so we don't think this is the sort of run-of-the-mill case
13      where, you know, you could avoid the second trial with the
14      outcome of the first, even in the situation your Honor is
15      suggesting where the City commits to standing by the officers
16      in terms of the damages award.  And so for those --
17               THE COURT:  Just following on that.  How does the ADA
18      claim, which is based on a failure to provide, and this is
19      tricky enough under the ADA, it's not really clear that it's a
20      regulation.  As I said in the opinion on summary judgment, it's
21      not an open and shut case as to whether the regulation covers
22      episodic failure to provide medical treatment as opposed to
23      failure to provide healthcare, which really is and lies in many
24      courts, directed to medical institutions, not police forces in
25      terms of their duty.  So I am not so sure I'm with you on this
```

```
 1   if you don't show liability on the part of the officers, then
 2   any idea how you would ever prove an ADA case against the City.
 3           ATTORNEY VALENTI:  Yeah.  Your Honor, I think that
 4   goes to -- but the evidence as to both is the same.  It is a
 5   different legal standard.  We think your Honor reached the
 6   correct decision in the summary judgment decision that the
 7   exception to the exception under the statute applies here
 8   because the decedent was in the need of medical care.  And
 9   because of that co-extensiveness of evidence, we do think that
10   in a second trial we would be in a position of having to put on
11   all the -- much, if not all, of the same evidence that we had
12   already put on in the first trial in order to prove out the ADA
13   claim.
14           THE COURT:  Well, summary judgment, keep in mind, I
15   have to draw every plausible inference in your favor.  That
16   doesn't mean that I definitively decided --
17           ATTORNEY VALENTI:  Understood, your Honor.
18           THE COURT:  -- the issue one way or the other.  It's
19   you get as not as favorable as a motion to dismiss, but you get
20   the benefit of the doubt on summary judgment.
21           But 17 witnesses?  You get to call however many
22   witnesses I suppose you want until they become irrelevant.  But
23   I still don't see much, okay, one week and one day.
24           ATTORNEY VALENTI:  Okay.
25           THE COURT:  But definitely not two weeks.  And we
```