UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11009-RGS

LYNNEL COX,
as Administrator of the Estate of Shayne R. Stilphen

v.

CITY OF BOSTON, ISMAEL ALMEIDA, PAULMICHAEL BERTOCCHI,
CATIA FREIRE, and BRIAN PICARELLO

ORDER

December 18, 2024

STEARNS, D.J.

Before the court is plaintiff Lynnel Cox's request for entry of separate and final judgment for the individual officers found not liable by a jury on civil rights claims related to the death of her son Shayne Stilphen, who died of an opioid overdose while in Boston Police Department custody.[1]  Cox also asks the court to stay her bifurcated Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, claim against the City of Boston pending a ruling by the Court of Appeals on her primary claims.

The court invited further briefing from the City of Boston, Cox, and the United States Department of Justice (DOJ) (by way of an amicus filing) on

---

[1] The individual defendants found not liable are Officers Ismael Almeida, Paul Michael Bertocchi, Catia Freire, and Brian Picarello.

the viability of Cox's ADA claim.  With the benefit of this briefing, the court remains convinced that its original ruling is correct in its essentials that "[d]rug addiction is a disability covered by Title II," and that "Title II's implementing regulations prohibit a public entity from denying health services 'to an individual on the basis of that individual's current illegal use of drugs.'"  Dkt. # 104 at 15 n.9, quoting 28 C.F.R. § 35.131(b)(1).  Although the City of Boston cites two new cases as contrary authority, *see Baustian v. Louisiana*, 929 F. Supp. 980 (E.D. La. 1996), and *Ross v. City of Dallas*, 2023 WL 8436060 (N.D. Tex. Dec. 4, 2023), the court is persuaded by the DOJ amicus filing that the cases are distinguishable.  *See* Dkt. # 207 at 7.

Now concluding that Cox's § 1983 and ADA claims are sufficiently distinct, the court will also consider Cox's request to enter separate and final judgment for the individual officers and to stay the ADA claim against the City of Boston pending appeal.  *See* Dkt. # 194 at 1; Dkt. # 206 at 6.  Federal Rule of Civil Procedure 54(b) "permits the entry of final judgment as to fewer than all the parties or claims in a multi-party action, thus clearing the way for earlier-than-usual appeals, 'upon an express determination that there is no just reason for delay' in entering judgment." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 579 (1st Cir. 1994), quoting Fed. R. Civ. P. 54(b).

The First Circuit uses a two-step approach to determine whether entry of separate and final judgment is appropriate. "First, the ruling underlying the proposed judgment must itself be final in the sense that it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally." *Id.* at 580. That requirement is satisfied here, as the jury verdict disposed of all claims against the individual officers.[2]

"Once the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1998). As the First Circuit has noted:

> The second step of the *Spiegel* pavane is harder to master. It requires tracing the interrelationship between, on one hand, the legal and factual basis of the claims undergirding the proposed

---

[2] The court bifurcated for trial the claims against the individual officers from those against the City of Boston. The claims against the individual officers – which included failing to provide adequate medical care to Stilphen while he was in Boston Police Department custody, in derogation of Stilphen's Fourteenth Amendment right, 42 U.S.C. § 1983, and causing Stilphen's wrongful death, Mass. Gen. Laws ch. 229, § 2 – proceeded to trial in August of 2024. A jury found the officers not liable on all the claims against them. Following the trial, the court dismissed Cox's *Monell* (failure to train) claim against the City of Boston. *See* Dkt. # 202 at 15, citing *Evans v. Avery*, 100 F.3d 1033, 1040 (1st Cir. 1996) (holding that a "[c]ity cannot be held liable absent a constitutional violation by its officers"). The individual officers are not defendant-parties to Cox's remaining ADA claim, which is against the City of Boston.

3

judgment (*i.e.*, the jettisoned claims), and on the other hand, the legal and factual basis of the claims remaining in the case.

*Maldonado-Denis*, 23 F.3d at 580.  In *Spiegel*, the First Circuit cited a Third Circuit opinion, which it found to provide a "general compendium" of factors "helpful as a guide."  *Spiegel*, 843 F.2d at 43 n.3, citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F2d 260, 364 (3d Cir. 1975).  Such factors include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.  *Allis-Chalmers Corp.*, 521 F.2d at 364.

The court is of the view that all of these factors counsel in favor of an interpolated entry of final judgment for the individual officers.  The court is confident that the First Circuit will not be "obliged to consider the same issue a second time."  *Id.*  Here, the parties are distinct – Cox's Title II claim is against the City as a municipal entity, as opposed to the claims against the individual officers – and the remedies are different – for example, unlike in

4

a § 1983 or wrongful death suit, punitive damages are unavailable in private suits brought under § 202 of the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Moreover, the factual and legal issues in the individual officers' trial, including the governing standard for a pretrial detainee's Fourteenth Amendment inadequate care claim under § 1983, do not overlap with, and would not have preclusive effect on, the outcome of the Title II jury trial against the City of Boston. *See Quinn v. City of Bos.*, 325 F.3d 18, 27 (1st Cir. 2003) (holding "[s]uch a lack of overlap" between the issue to be decided on appeal and the issues still pending in this court "strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b))"); *Vazquez v. Mun. of Juncos*, 756 F. Supp. 2d 154, 168 (D.P.R. 2010) (finding that a jury trial is available for a Title II claim that alleges intentional discrimination and seeks monetary damages). Cox's ADA claim seeks redress for the City of Boston's alleged discrimination based on Stilphen's Opioid Use Disorder in violation of Title II of the ADA, not redress for the individual officers' alleged unconstitutional denial of Stilphen's medical care in the face of a serious medical need. Dkt. # 208 at 5.

Similarly, there is no possibility "that the need for review [in the Court of Appeals] might . . . be mooted by future developments in the district court," because there is nothing to be decided in the district court regarding

the ADA claim that would obviate the need for the Court of Appeals to decide the governing standard for a pretrial detainee's Fourteenth Amendment inadequate care claim. *Allis-Chalmers Corp.*, 521 F.2d at 364. Nor are there any counterclaims or crossclaims involving the individual officers or the City of Boston that "could result in set-off against the judgment sought to be made final." *Id.*

Lastly, this ruling may prevent the possibility of multiple trials. *See Allis-Chambers Corp.*, 521 F.3d at 364 (noting that "miscellaneous factors" to consider may include economic considerations and shortened trial time). Assuming the court proceeded to trial on the ADA claim against the City of Boston and that Cox, after the trial, as she has made clear that she will do, *see* Dkt. # 208 at 5 n.3., successfully appeals the jury verdict in favor of the individual officers, there would be potentially two additional trials. There would be another jury trial against the individual officers under the different legal standard, and if the officers were found liable, a second trial[3] against the City of Boston on the *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)

---

[3] Cox's *Monell* claim against the City of Boston would concern prior bad act evidence that would be unfairly prejudicial to the individual officers if the claims against the City of Boston and individual officers were tried together. *See Lund v. Henderson*, 807 F.3d 6, 11 (1st Cir. 2015). Because this would be a § 1983 action for damages, plaintiff would be entitled to a jury trial. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 709 (1999).

claim.  This court previously dismissed the *Monell* claim because the jury determined under the deliberate-indifference standard that the officers did not violate Stilphen's constitutional rights.  *See* Dkt. # 202 at 15, citing *Evans v. Avery*, 100 F.3d 1033, 1040 (1st Cir. 1996).  By entering separate and final judgment for the individual officers and staying the ADA claim, the court may combine Cox's ADA claim and potentially revived *Monell* claim against the City of Boston into one trial.

For the above reasons, the court finds that "there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The court will enter separate and final judgment for the individual officers and will stay the ADA claim against the City of Boston pending appeal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE